Edward Quicksall and Joseph W. Lee, Appellants, *v.* The City of Philadelphia.

*Streets—Dedication of streets—Sale of lots according to a plan.*

The sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the street shall be forever open to the use of the public, and operates as a dedication of the street to public use. The right passing to the purchaser is not the mere right that he may use the street, but that all persons may use it.

*Streets—Sale of lots according to plan—Damages—Act of May 9, 1889.*

The dedication of streets by recording a plan and selling lots according to the plan operates as a relinquishment of all claims for damages for the use of the land within the lines of the streets for street purposes, and no claim for damages can be sustained unless the streets are within the protection of the act of May 9, 1889, P. L. 173.

*Streets—Damages—Statute of limitations—Streets on plan of lots—Act of May 9, 1889.*

The act of May 9, 1889, P. L. 173, provides " That any street, lane or alley laid out by any person or persons in any village or town plot or plan of lots on lands owned by such person or persons, in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened without the consent of the owner or owners of the land on which the same has been, or shall be, laid out." *Held* that the purpose of the act was to relieve land upon which streets had been laid out by the owner but not opened or used for twenty-one years from the servitude imposed.

In 1847, an owner of land laid it out into lots and streets and recorded a plan thereof. The streets were not opened or used by the public, and the beds of the streets were in possession of the abutting owners, and used by them for the purpose of quarrying stone. No possession or use was claimed by others. Proceedings were begun to open the streets in 1893. *Held,* that the case came within the meaning of the act of 1889, and that it was too late for the city to assert the right founded upon the dedication forty-four years before.

Argued March 27, 1896.   Appeals, Nos. 64 and 65, Jan. T., 1896, by plaintiffs, from judgments of C. P. No. 3, Phila. Co.,

Dec. T., 1893, Nos. 1094 and 1095, on verdicts for defendant. Before Sterrett, C. J., Green, McCollum, Dean and Fell, JJ. Reversed.

Appeals from awards of road juries. Before Gordon, J. The facts appear by the opinion of the Supreme Court. The court gave binding instructions for defendant. Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was above instruction, quoting it.

*Samuel Wakeling*, for appellants.—The dedication of property is a matter of intent: Griffin's Appeal, 109 Pa. 155.

In addition to the adverse possession of the plaintiffs and their predecessors in title for the period of forty-four years and the effect of their grants as establishing the beds of the streets as appurtenances to the ground conveyed, they had the fee simple to the center of the streets under the case of Cox v. Freedley, 33 Pa. 124. This case affirmed Paul v. Carver, 26 Pa. 223, and this principle was affirmed in the subsequent cases of Falls v. Reis, 74 Pa. 439, Lehigh Street, 81 Pa. 85, and Firmstone v. Spaeter, 150 Pa. 616. The mere fact that the streets were marked upon the Buckius Plan, gave the public no title; even if the deeds to Faunce and Brooke had not declared that they were laid out for the accommodation of these and other lots, the fact that they had been plotted on the city plan gave no title: Commonwealth v. Phila. & Reading R. R., 135 Pa. 256. Independent of these considerations, the defendant is barred from taking without compensation, under the provisions of the act of assembly, approved May 9, 1889, P. L. 173.

*E. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.—In the case of Davis v. Sabita, 63 Pa. 90, this court held that one who sold lots according to a plan showing the tract subdivided in town lots, with streets and alleys for their convenient use, dedicated these ways thereby to public use: Baker v. Chester Gas Co., 73 Pa. 116; Trutt v. Spotts, 87 Pa. 339. The term "street," in a town or city, this court has said in a like connection, signifies a public

highway: Penny Pot Landing, 16 Pa. 79; Transue v. Sell, 105 Pa. 604; Re Opening of Pearl Street, 111 Pa. 565; Re Forbes Street, 70 Pa. 125; Re Brooklyn Street, 118 Pa. 640; Wayne Ave., 124 Pa. 135.

In the following cases this court held that long periods of disuse or encroachment did not impair rights acquired by the public under such conveyances. In some cases the duration of time involved was more than a century: Com. v. McDonald, 16 S. & R. 390; Com. v. Alburger, 1 Wharton, 469; Re Penny Pot Landing, 16 Pa. 79; Birmingham Borough v. Anderson, 40 Pa. 506; Birmingham Borough v. Anderson, 48 Pa. 253; Schenley v. Pittsburg, 104 Pa. 472; Philadelphia v. Thomas, 152 Pa. 494; Eisenhart v. Philadelphia, 154 Pa. 393.

The act of May 9, 1889, P. L. 173, does not apply to the present case. The terms which it contains are not necessarily retrospective in their signification. A great hardship would be involved if they were so interpreted, and the result would be that property owners, having a right to the construction and use of certain ways, would find this right confiscated by an act of assembly, without notice and opportunity to assert their rights by prompt action.

OPINION BY MR. JUSTICE FELL, October 5, 1896:

The right contested is that of the plaintiffs to recover damages for the opening by the city of Ruan and Leiper streets. By reason of their purchase of lots bounded by the streets the plaintiffs claim ownership of the land to the middle thereof. For many years stone has been quarried by them and their grantors from these lots, and from the beds of the streets, and at the time of the commencement of these proceedings the quarry had been worked to a depth varying from forty to eighty feet. The streets as filled in by the city are not as high as the original surface of the ground.

In 1847 the land in question was part of a tract of five and a half acres owned by Peter and Rudolph Buckius. In that year they made a plan dividing the land into lots and streets. This plan was recorded November 6, 1847, and in January, 1848, the lots were sold at public sale. They were sold and conveyed according to the plan and described as bounded by Ruan and Leiper streets, and these streets were mentioned in the deeds

as having been "laid down on said plan for the accommodation of this and other lots." It is not disputed that the sale and conveyance of the lots passed the fee to the middle of the streets on which they fronted. Indeed it could not be under the decisions in Paul v. Carver, 26 Pa. 223; Cox v. Freedley, 33 Pa. 124; Baker v. Chester Gas Co., 73 Pa. 116; Falls v. Reis, 74 Pa. 439; Firmstone v. Spaeter, 150 Pa. 616. It is claimed however by the city that these streets were dedicated to public use in 1847, and that consequently no damages can be recovered for their opening.

The sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the street shall be forever open to the use of the public, and operates as a dedication of them to public use. The right passing to the purchaser is not the mere right that he may use the street, but that all persons may use it: Dovaston v. Payne, 2 Sm. L. C. 154; McCall v. Davis, 56 Pa. 431; Davis v. Sabita, 63 Pa. 90; Transue v. Sell, 105 Pa. 604; In re Opening of Pearl Street, 111 Pa. 565. In the case last cited it was said that when one "sells and conveys lots according to a plan which shows them to be on streets he must be held to have stamped upon them the character of public streets. Not only can the purchaser of lots abutting thereon assert this character, but all others in the general plan may assert the same. The proprietor is in no condition to afterwards revoke this dedication." Such a dedication was said in Heckerman v. Hummel, 19 Pa. 64, to be a contract with the public. The distinction between the sale of lots according to a plan made by the owner upon which streets are laid out and the mere reference in aid of description to streets projected by the municipality is manifest. In the former case the inference of dedication arises, in the latter it does not.

The dedication by the plaintiffs' grantors in 1848 operated as a relinquishment of all claims for damages for the use of the land within the lines of the streets for street purposes, and no claim for damages can be sustained unless by reason of the act of May 9, 1889, P. L. 173. The language of the act is: "That any street, lane or alley laid out by any person or persons in any village or town plot or plan of lots on lands owned by such person or persons, in case the same has not been opened to, or used

by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened without the consent of the owner or owners of the land on which the same has been, or shall be, laid out." The purpose of the act is to relieve land upon which streets have been laid out by the owner, but not opened or used for twenty-one years, from the servitude imposed. To what extent it may affect the rights of those who by purchase of lots within the tract have acquired the right of the use of all the streets marked on the plan we need not now inquire. We have before us only the question of the right of the municipality to open the streets without compensation by reason of the dedication in 1848. As against this right the act establishes a limitation of time where none before existed. The streets were laid out forty-four years before the commencement of these proceedings. They have not been opened to, or used by, the public. During the whole of this time the beds of the streets have been in the possession of the abutting owners, and used by them for the purpose of quarrying stone. No possession or use was claimed by others. The case, we think, comes within the meaning of the act of 1889, and it is now too late for the city to assert the right founded upon the dedication in 1848. It follows that the cases should have been submitted to the jury.

The judgment in each case is reversed with a venire facias de novo.