## Oakley *v.* Luzerne Borough, Appellant.

*Road law—Dedication of street—Acceptance—Boroughs.*

The mere dedication of a street to public use by the owner will not make it a public highway unless it is accepted by the public and actually opened upon the ground.

A dedicated street becomes a public highway only to the extent to which it is actually opened and used.

The Act of May 9, 1889, P. L. 173, relieves land upon which streets have been laid out by the owner, but not opened or used for twenty-one years, from the servitude imposed. If the municipality proceeds to open the street after that time, the owner is entitled to damages.

The finding by a referee that a street had not been opened until more than twenty-one years after it had been laid out, has all the force of a verdict of a jury, and will not be set aside except for clear error.

In a proceeding by a landowner against a borough to recover damages for the opening of a street which had been laid out more than twenty-one years before it was opened, it is not necessary for the landowner to produce in evidence an ordinance of the borough widening the street and changing the grade, inasmuch as the work may have been the unauthorized act of the officers of the borough subsequently ratified by the borough.

The acts of the borough may be proved otherwise than by its records or other written documents.

Argued Jan. 14, 1904. Appeal, No. 17, Jan. T., 1904, by defendant, from order of C. P. Luzerne Co., Feb. T., 1899, No. 204, dismissing exceptions to report of referee in case of Larner H. Oakley v. Luzerne Borough. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of P. A. O'Boyle, Esq.

The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to report of referee.

*D. O. Coughlin* for appellant, cited : Birmingham v. Anderson, 48 Pa. 253 ; Brink v. Dunmore Boro., 174 Pa. 395 ; Shawmont Ave., 5 Pa. Dist. Rep. 190.

*Ernest K. Little,* with him *John McGahren* and *Charles D. Foster,* for appellee, cited : Eastern Borough v. Rinek, 116 Pa. 1 ; White v. McKeesport, 101 Pa. 394 ; Power v. Ridgway Boro., 149 Pa. 317 ; McKee v. Pittsburg, 7 Pa. Superior Ct. 397.

OPINION BY PORTER, J., July 28, 1904 :

The court below, upon petition of the plaintiff, appointed viewers to ascertain and assess damages alleged to have resulted from the widening and change of grade of Mill street by the borough authorities. The viewers having duly reported, the borough appealed from the award of damages to the plaintiff, and in pursuance of an agreement of the parties the cause was tried before a referee under the provisions of the act of April 6, 1869.

The numerous assignments of error which related to the ownership by the defendant of the land occupied by Mill street are without merit. The description of the land contained in the agreement under which the plaintiff took title was sufficient to cover all the land south of the bridge and between the creek and the mill race. The only question which could possibly have arisen under the evidence was whether the land conveyed was subject to the dedication of Mill street by the grantors, in the plan to which the agreement referred. The plan was not produced; there was testimony to the effect that it had been destroyed, and the defendant introduced secondary evidence to the effect that by the plan and the sale of lots calling for it, a strip of ground thirty feet wide had been dedicated as Mill street. The fee of the land was undoubtedly in the plaintiff, whether it was subject to an easement for the public highway is an entirely different question. The mere dedication of a street to public use by the owner will not make it a public highway unless it is accepted by the public and actually opened upon the ground: Commonwealth v. Shoemaker, 14 Pa. Superior Ct. 194, and cases there cited. A dedicated street becomes a public highway only to the extent to which it is actually opened and used: Commonwealth v. Royce, 152 Pa. 88. The dedication by the plaintiff's grantors, if there was such a dedication, operated as a relinquishment of all claims for damages for the use of the land within the lines of the street for street purposes, and no claim for damages can be sustained unless by reason of the Act of May 9, 1889, P. L. 173. The purpose of that statute was to relieve land upon which streets have been laid out by the owner, but not opened or used for twenty-one years, from the servitude imposed. When a street has not been opened for twenty-one years after it has been laid out, the statute puts an end to the public right in the land, and if after that time a municipality proceeds to open the street the owner is entitled to damages: Quicksall v. Philadelphia, 177 Pa. 301. The land covered by Mill street must have been dedicated, if ever dedicated, prior to September 24, 1872. The referee has found that the part of the street in controversy was not opened as a street until May 14, 1897, when the authorities of the borough entered upon the land, graded the street and threw it open as a public highway. This finding of

fact has all the force of a verdict of a jury, and is not to be set aside except for. clear error. The testimony upon this point was conflicting, and we cannot say that the finding of the referee was without evidence to support it. This being the case the property of the plaintiff was within the protection of the act of 1889, and he is entitled to compensation for any taking of it for public use.

The contention that the appellee is not entitled to recover in this proceeding because he did not produce in evidence an ordinance of the borough widening the street and changing the grade thereof, cannot be sustained. The borough had authority to open, widen and grade streets. The street commissioners and street committee of councils may have exceeded their delegated authority in opening and grading this street. Such being the case the borough might, at any time before the adoption by it of the work done by its officers, have repudiated the unauthorized act and withdrawn from the property. But the work being within the scope of the municipal authority the borough might ratify the act which it had not expressly authorized, and having thus made the act of its officers its own, its power to repudiate was at an end: Shiloh Street, 165 Pa. 386.

The acts of a borough may be proved otherwise than by its records or other written documents, and the testimony of the witnesses called by both parties in the court below was such as to warrant a finding that the work was done by authority of the borough: Weir v. Plymouth Borough, 148 Pa. 566; Bohan v. Avoca Borough, 154 Pa. 404; Rothwell v. California Borough, 21 Pa. Superior Ct. 234.

The work was done upon the ground by the officers of the borough, the borough ratified their acts and paid for the work and appeared in the court below asserting that the street was a public highway. There may have been irregularities in the proceedings by the borough preliminary to opening the street, but the street is there upon the ground, graded and actually in use as a public highway. The plaintiff waived the irregularities, if any there were, in the proceedings of the borough and having proceeded under the act of May 16, 1891, to have his damages assessed for a lawful taking of the land, he will hereafter be estopped from asserting an irregularity in the

proceedings under which the land was appropriated. Had the borough elected to disaffirm the acts of its officers, and withdrawn from the occupancy of the property of plaintiff, it might have escaped liability, and would certainly have saved this plaintiff considerable trouble and expense. Nothing of this kind has been attempted. The appellant is here to-day asserting that it does hold and has the right to hold this land for purposes of a public street. As the defendant has waived any irregularities in the proceedings by which this condition of affairs has been brought about, there is no reason why the borough should not pay the damages resulting.

The judgment is affirmed.