## Jessop v. Kittanning Borough, Appellant (No. 1).

225  583
225  589

*Deed—Plan of lots—Streets—Obstruction—Injunction—Equity.*

1. The purchaser of a lot sold according to a plan, has the right to the use of streets and alleys shown on the plan, and he may maintain his right by a bill in equity for an injunction to restrain the obstruction of such streets and alleys.

2. Where a borough is joined with a corporation as a defendant in a bill in equity to restrain the obstruction of a private right of way which the borough had never accepted as a public street, and a decree is entered against the defendants with the costs on the corporation, and there is nothing to show that the borough ever intended to obstruct the right of way, the borough has no interest in securing by an appeal the reversal of the decree of the court below.

*Equity—Equity practice—Final decree.*

3. It is not in accordance with the equity rules to enter a final decree by adding to a decree the words "Above decree is entered absolutely." The final decree should be complete in itself.

Argued April 26, 1909.    Appeal, No. 79, Oct. T., 1909, by Kittanning Borough, from decree of C. P. Armstrong Co., Sept. T., 1908, No. 189, on bill in equity in case of Samuel A. S. Jessop v. The Borough of Kittanning, H. J. Hays, Burgess, P. C. Hutchinson, F. C. Mohney, James F. Foulis, W. F. Knoble, J. S. Hudson and M. H. Colwell, Members of Council, and the Kittanning Iron & Steel Manufacturing Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER JJ.    Affirmed.

Bill in equity for an injunction.    Before PATTON, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree awarding injunction.

*R. L. Ralston,* with him *H. A. Heilman* and *H. L. Golden,* for appellant.—If it be the law that a public street of a borough can be created by prescription alone as the court holds, then the borough has an undoubted right to assume control over Willow street and vacate it, for the court distinctly finds that said street had become a street by prescription: Black v. Ry. Co., 34 Pa. Superior Ct. 416.

"The right of a grantee, and those who claim under him, to have a street upon which his deed calls for a frontage kept open as a way appurtenant to his land is, as against his grantor and those claiming under him, entirely distinct from and independent of the right of citizens generally to use the public highways of a municipality:" Carroll v. Asbury, 28 Pa. Superior Ct. 354.

The private easement of the plaintiff is not extinguished by the vacation on the part of the borough, hence he is not injured: Black v. Pittsburg & Butler Street Railway Company, 34 Pa. Superior Ct. 416; Nocton v. Penna. R. R. Co., 32 Pa. Superior Ct. 555.

*R. A. McCullough,* for appellee.—The vacation of a street implies all the court imputes to it. It directs its annulment and implies a direction to the public authorities to close it permanently and absolutely, and authorizes its closing by abutting property owners: Woodyatt v. Hughes, 10 Kulp, 402; In re Chestnut Street, 3 Pa. Dist. Rep. 497.

The joint use of a private way by the public does not constitute a dedication to the public, no matter how long the joint use may continue: In Re Griffin's Appeal, 109 Pa. 150; Weiss v. Bethlehem Borough, 26 W. N. C. 433; Beatty's Plan, 104 Pa. 622; Root v. Com., 98 Pa. 170; Krier's Private Road, 73 Pa. 109; Steel v. Huntingdon Borough, 191 Pa. 627.

In the case of a private way laid out by the owners of the soil, the same cannot be vacated without the consent of all persons for the time being having an interest therein: In Re Askin's Lands, 17 Phila. 660; In Re Streets in Wayne, 2 Del. Co. 115; McCarty v. Kitchenman, 47 Pa. 239; McKee v. Perchment, 69 Pa. 342.

OPINION BY MR. JUSTICE POTTER, October 11, 1909:

This is an appeal by the borough of Kittanning, from a decree enjoining it from obstructing or vacating Willow street, in said borough, and two alleys running into that street, and from aiding the Kittanning Iron & Steel Company in so doing. The facts upon which the decree was based were found by the court below, as follows:

The Kittanning Iron Works, a partnership, prior to July 1, 1848, owned a tract of land in Kittanning township, lying immediately south of Kittanning borough. While the court does not find it as a fact, it appears from the statement of counsel that this land was subsequently annexed to the borough. Desiring to sell it, the owners made a plan, dividing it into lots, streets and alleys, and showing the size, number and dimensions of the lots, and the location of the streets and alleys. This plan was not recorded. Certain lots were conveyed by the Kittanning Iron Works, according to this plan, the deeds reciting that the Kittanning Iron Works had laid out the lots "with convenient lanes, streets and alleys, and numbered them from 249 to 264, inclusive," and the conveyances were made "in fee simple with the free and unlimited use of the lanes, streets and alleys aforesaid." An undivided one-third interest in two of the lots so conveyed, Nos. 254 and 256, has become vested in S. A. S. Jessop, the plaintiff below and appellee. Another lot, No. 262, is vested in his brother, C. J. Jessop. The title to the other thirteen lots on the plan at the time of the filing of the bill in this case, had become vested in the Kittanning Iron & Steel Manufacturing Company, a corporation, which had succeeded to the business of the Kittanning Iron Works.

The borough of Kittanning never graded, paved nor sewered any of the streets or alleys upon the plan, or accepted any of them as public ways, exercised any control over them, or expended any money in their improvement or repair, except a trifling sum spent by the street commissioner for his individual benefit.

The court below finds that there was no acceptance of the streets and alleys by the borough. The present owners of the

lots and their predecessors in title have used the streets and alleys in the plot for sixty years, and they have also been used by the public without objection or hindrance during that period of time, except for certain obstructions, which are not material to the determination of the present appeal.

On the south side of the plan was a street, twenty-four feet wide, called Willow street, into which ran an alley ten and three-quarters feet in width, bounding the plaintiff's lots on the west. The Kittanning Iron & Steel Manufacturing Company, at the time the bill was filed, owned all the land on both sides of this street and had already partially obstructed the west end of the street, without objection on the part of appellee. These obstructions, however, did not prevent the use of the street for access to appellee's premises through the alley.

On June 25, 1908, upon petition of the iron and steel company, the borough council passed an ordinance that Willow street, located as stated above, "be vacated and annulled," also requiring the iron and steel company to give bond in the sum of $20,000 to pay all damages incurred in the vacation of the street and recompense the borough for all legal expenses incurred in testing the validity of the ordinance.

The Kittanning Iron & Steel Manufacturing Company proposed to obstruct Willow street, by building upon it an elevated railroad track or trestle, fourteen to sixteen feet high, supported by heavy timbers on a cement foundation, and had begun the work when the bill in this case was filed and a preliminary injunction granted.

On August 17, 1908, the plaintiff, S. A. S. Jessop, filed a bill in equity, subsequently amended, against the borough of Kittanning, the members of the borough council, and the Kittanning Iron & Steel Manufacturing Company, setting forth the above facts, and praying that the defendants be enjoined from closing or obstructing Willow street. A preliminary injunction was granted in accordance with the prayer of the bill, demurrers to the bill and the amended bill were overruled, answers filed, and the case tried.

The court below, after trial, made the following decree nisi:

And now, February 11, 1909, this case came on to be heard

and after argument of counsel and due consideration, it is ordered and decreed that the Kittanning Iron & Steel Company be perpetually enjoined from further excavating or building trestles or elevated railroad tracks upon or over Willow street, or in any manner further obstructing said Willow street or the ten and three-quarters or twelve-foot alley.

That the borough of Kittanning be perpetually enjoined from obstructing or vacating Willow street or the ten and three-quarters or twelve-foot alleys or assisting the Kittanning Iron & Steel Company in so doing.

That the defendant, the Kittanning Iron & Steel Company, pay the costs.

Exceptions filed by defendants were overruled, and the above decree was entered absolutely. The borough of Kittanning has appealed.

The final decree was not complete in itself, as it should have been. It merely refers to the decree nisi, and states that the "above decree is entered absolutely." However, the tenth assignment contains that portion of the decree nisi which relates to the present appellant, and this in connection with the fifteenth assignment raises the question determined in the final decree against the appellant; although not in formal compliance with the rules of this court. As the court below finds as a fact that Willow street was never accepted by the borough, and was not a public street, and as the borough merely claims the right to vacate it, but has shown no desire to obstruct the street or to interfere with appellee's use of it, we do not see how the borough can have any interest in the reversal of the decree of the court below. The case for the plaintiff rests not upon the contention that the street belonged to the borough, but upon the private grants made to his predecessors in title. The borough is not even interested in the costs, as they were placed upon the other defendant. As to the merits of the case, the court below was clearly right. The right of a purchaser of a lot, sold according to a plan, to the use of streets and alleys shown on the plan, is thoroughly settled.

In Transue v. Sell, 105 Pa. 604, Chief Justice MERCUR said

(p. 609): "When one who is the proprietor of the portion of the town in which the lands lie, sells and conveys the lots according to a plan which shows them to be on a street or alley, it creates an implied covenant of the existence of the street or alley."

In In re Opening of Pearl Street, 111 Pa. 565, it was said, per curiam (p. 572): "When (a grantor) sells and conveys the lots according to a plan which shows them to be on streets, he must be held to have stamped upon them the character of public streets. Not only can the purchasers of lots abutting thereon assert this character, but all others in the general plan may assert the same. The proprietor is in no condition to afterwards revoke this dedication."

In Quicksall v. Phila., 177 Pa. 301, Justice FELL cited the language above quoted from Pearl street with approval and also said (p. 304): "The sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the street shall be forever open to the use of the public, and operates as a dedication of them to public use. The right passing to the purchaser is not the mere right that he may use the street, but that all persons may use it."

The above language was quoted with approval in Woodward v. Pittsburg, 194 Pa. 193 (198), and the opinion in Quicksall v. Phila., 177 Pa. 301, was commended and followed in Osterheldt v. Phila., 195 Pa. 355 (361). And we held in Morrow v. Traction Co., 219 Pa. 619, that where a sale of lots was made according to a plan, not only the streets and alleys, but also an open square shown on the plan, was dedicated to the public, and the owners of lots on the plan were entitled to an injunction to prevent the obstruction of the streets or the square for private purposes.

The right of a lot owner in a plan of lots to prevent the obstruction of a street shown on the plan, cannot be doubted.

The assignments of error are dismissed, and the decree of the court below is affirmed. The costs of this appeal to be borne by appellant.