# Miller, Appellant, *v.* Grandey.

*Road law—Dedication of street—Plan of lots—Boroughs—Consent of borough.*

1. Where a person lays out a plan of lots in a borough, and with the consent of the borough records the plan, which describes a street thereon as thirty feet wide, and thereafter the owner sells the entire plot to another, who makes a new plan wherein the street previously described as thirty feet wide, is reduced to an alley of the width of twelve feet as previously laid out and used, and this plan also with the consent of the borough is recorded, and it appears that the street in question was never actually opened or laid out or in any way accepted as a public highway by the borough authorities, a grantee of the second owner of the plot who has purchased a lot abutting on the street has a right to consider the street as an alley of the width of twelve feet only; and a citizen of the borough suing merely as such and without any interest in any land in the plot has no standing to maintain a bill in equity to restrain the owner of the lot from building on the eighteen feet which by the first plot helped to make up the thirty feet wide street.

2. The Act of May 24, 1901, P. L. 299, which is a supplement to the Act of April 3, 1851, P. L. 320, did not change the power of boroughs to survey, lay out, enact and ordain roads, streets and alleys.

Argued Oct. 3, 1910. Appeal, No. 196, April T., 1910, by plaintiff, from decree of C. P. Beaver Co., Sept. T., 1908, No. 13, dissolving preliminary injunction in case of John A. Miller v. Joseph H. Grandey. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Motion to dissolve preliminary injunction. Before HOLT, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dissolving preliminary injunction.

*Wm. A. McConnel,* for appellant.—A street may become a public highway where it has been dedicated by the private owner by a plan which has been duly accepted

by the borough authorities, or where there has been a dedication by the private owner and a public user long enough to indicate an acceptance by the public: Murray v. Lace Mfg. Co., 10 Kulp, 566; Quicksall v. Philadelphia, 177 Pa. 301; Osterheldt v. Philadelphia, 195 Pa. 355; Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92.

*Lawrence M. Sebring,* for appellee.—The public has no right to a street designated as such upon the official map, until the street has been regularly declared open by ordinance, and the requirements of the law regulating the opening of streets has been complied with: Oberly v. Hapgood, 3 Lanc. Law Rev. 234; s. c., 2 Lehigh Val. L. R. 258; Washington Female Seminary v. Washington Borough, 18 Pa. Superior Ct. 555; Chester v. Thurlow Land Co., 9 Del. Co. 51.

OPINION BY BEAVER, J., March 3, 1911:

Cook, trustee of Frazier's estate, subdivided by leave of court a tract of land abutting upon an alley in the borough of Rochester, known as Prospect alley, of the width of twelve feet. By adding in his plot or plan eighteen feet north of said alley, he described it in the plot as Prospect street, thirty feet wide. Inasmuch as, in order to secure the recording of such a plot or plan, it is necessary, under the provisions of sec. 12 of the Act of May 16, 1891, P. L. 75, that it shall be first approved by the town council, this was done in February, 1906, and the Cook plan, so-called, was recorded in the recorder's office at Beaver in Plan Book, No. 1, p. 276.

Cook sold none of the lots laid out in the plot separately but, at a public sale, sold the entire plot to one Black, who, in December, 1906, made a new plot or plan, abolishing the addition of the eighteen feet made to Prospect alley by Cook and restoring the alley, as it had been before, to twelve feet in width. This plan was also approved by the town council and burgess and was duly recorded in the recorder's office of Beaver county in Plan Book, No. 2, p. 1.

After the second plan was approved and recorded, Black sold one of the lots contained in his plan to the defendant, who, in the improvement of it, proceeded to erect a stable upon a portion of the eighteen feet added by Cook's plan to Prospect alley.

The plaintiff (appellant here), regarding his rights as invaded by the defendant, filed his bill in equity, asking the court to restrain the defendant from erecting the said stable, on the ground that it was being erected on a public street, and that, as a citizen of the borough, he was entitled to the free and uninterrupted use of Prospect street throughout its width of thirty feet, as dedicated in the Cook plan.

It is to be noted that the plaintiff was not a purchaser of a lot contained in the Cook plot or plan, nor did his property abut upon the eighteen feet added to the width of Prospect alley, so as to make it a street, but was bounded on its northern side by the said Prospect alley. It is plain, therefore, that the plaintiff acquired no rights of any kind to the ground upon which the defendant was erecting his stable, unless the eighteen feet added by Cook to the width of the alley by his plot or plan made that a part of a public street, in which the plaintiff had a right simply as a citizen of the borough.

Under the second section of the Act of April 3, 1851, P. L. 320, the borough had power "to survey, lay out, enact and ordain such roads, streets, lanes, alleys, courts, and common sewers as they may deem necessary, and to provide for, enact, and ordain the widening and straightening of the same." The supplement to the Act of April 3, 1851, P. L. 320, of May 24, 1901, P. L. 299, does not change, take away, or add to the powers of the borough, except as to subjects not herein specifically involved.

It is clear from the findings of fact by the court, based upon the evidence taken at the hearing for the dissolution of the preliminary injunction, it having been agreed by a stipulation of the solicitors for plaintiff and defendant "that the testimony taken at the hearing, upon the motion

to dissolve the preliminary injunction be considered as taken for the purpose of the decision of the case upon final hearing, and that the opinion of the court and the findings of fact and law heretofore filed, be taken and adopted as made on final hearing:" that the borough, beyond the approval by the council and burgess of the Cook plan, did nothing which would indicate an adoption by the borough of the street provided for in the Cook plan as Prospect street by the addition of eighteen feet from the property of which he was trustee to the width of Prospect alley. The borough did not survey, lay out, enact and ordain such a street, nor did it do any specific act which indicated any intention on its part to dedicate the increased width dedicated by the private owner to the use of the public. On the contrary, as the court found, as a matter of fact, in its eighth finding of fact, "That the lot so dedicated to public use was never formally accepted as one of the public highways of the said borough of Rochester, either by a resolution, ordinance or other action of the town council, unless the approval of the said plan to enable it to be placed on record, amounted to such acceptance; the increased width of the said street was never actually traveled upon by the public or opened to public travel; the said eighteen feet so dedicated is at a considerable elevation above the said alley or street, as originally laid out and used, and in order that the same might be utilized by the public considerable grading would have to be done."

The appellant quotes the amendment to sec. 9 of the act of May 16, 1891, as contained in the Act of May 22, 1895, P. L. 106, as the law under which streets can be vacated, but the provisions of the said amendment relate as well to the opening, widening, straightening or extending streets or alleys as to vacating them, and his argument, therefore, proves too much, for if, under the approval of the town council of the Black plan, the street could not be vacated, neither under the approval of the Cook plan was it opened.

Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92, cited by the appellant, was a case in which the purchaser of a lot, abutting upon a dedicated highway, claimed damages for the opening of a street which had been dedicated to public use by her predecessor in title, and that, therefore, she was not entitled to damages for the taking of what had been dedicated to the public and had been used by it. In the latter case, among other things, it was decided that: "Executors, with full testamentary powers of sale, may divide land into lots and selling the same by reference to plots showing projected street can and will effect a dedication of such streets as fully as their testator could have done; but even if the heirs or beneficiaries had any right to object, the executor's vendee is estopped by his deed in repudiating the action of his vendors or denying their power."

If the defendant, Grandey, had purchased from Cook the lot upon which he was attempting to build his stable, which called for a street thirty feet wide, he would have come under the ruling in this case, had he attempted to occupy the land dedicated by the plot to public use, but it is to be remembered that Black purchased all of the lots upon the plot laid out by Cook and that he changed the plot with the approval of the borough authorities, before the sale was made to Grandey, and that he held under a deed which called for Prospect alley twelve feet wide, and not for Prospect street thirty feet wide.

In the case of Osterheldt v. Philadelphia, 195 Pa. 355, there was a claim for damages for the opening of a street over land previously dedicated by the vendor of the claimant and it has no application here. So in Quicksall et al. v. Philadelphia, 177 Pa. 301, the question was as to the right of the plaintiff to recover damages for the opening by the defendant city of certain streets. The plaintiffs claimèd ownership of the land to the middle of these streets. Stone had been quarried from them by the plaintiffs and their grantors, so that the streets, as filled in by the city, were not as high as the original surface of the

ground. The land in question had been laid out in 1847 by the then owners into lots and a plan was recorded. The lots were sold and conveyed according to the plan, and described as bounded by Ruan and Leiper streets. These streets were mentioned in the deeds as having been laid down on said plan for the accommodation of this and other lots. Under these circumstances the court held that the plaintiffs were not entitled to damages by reason of the dedication, unless that right could be enforced by reason of the Act of May 9, 1889, P. L. 173. Neither of these cases, therefore, has any application to the case in hand.

The discussion of the conclusions of law of the court below, based upon the Act of April 3, 1851, P. L. 320, requires no comment on our part. It covers the case fully and, in our opinion, rules it, but we have referred to the acts of 1891 and 1895 for the purpose of showing that they make no change in the power of boroughs to survey, lay out, enact and ordain roads, streets and alleys, and that the act of 1895 relates as well to the opening as to the vacating of streets and that, therefore, the original plot or plan, as laid out by Cook and approved by the borough authorities, had no more legal effect in regard to the opening of the street, so far as the rights of persons who were not included within the plan or plot were concerned, than would the approval of the Black plan have vacated the street, if it had been adopted and actually opened by the borough.

From every point of view, we quite agree with the conclusion of the learned court below "That the structure proposed to be erected by the defendant is within the limits of his own land, and that no part of it will be upon Prospect alley," and that it could not be anticipated "that the defendant will so erect or keep his stable when erected as to make it a nuisance, either public or private." The dissolution of the preliminary injunction was, therefore, well founded and as a consequence the dismissal of the plaintiff's bill followed.

Decree affirmed and appeal dismissed at the costs of the appellant.