# State Road.

*Road law—Widening of street—Dedication of street by plan of lots—Act of May 9, 1889, P. L. 173.*

1. The Act of May 9, 1889, which provides that streets laid out upon a plan of lots, if unopened for twenty-one years shall not be opened without the consent of the owner, has no application to an old road or street opened and used prior to the passage of the act. If the road is dedicated by the plan of lots as of the width of sixty feet, but at the date of the recording of the plan is actually opened and used by the public to the width of fifty feet, the road may be subsequently widened to the width of sixty feet and the Act of May 9, 1889, P. L. 173, cannot be used by the owner to defeat such widening.

2. The act relates to what, qua the particular land, would be new streets laid out by owners thereof but not opened or used by the public for "twenty-one years next after the laying out of the same," and its purpose is to relieve land upon which streets have been laid out by the owner from the servitude thus imposed.

Argued March 25, 1912. Appeal, No. 86, Jan. T., 1912, by the City of Philadelphia, from order of C. P. No. 3, Phila. Co., June Term, 1894, No. 1609, dismissing exceptions to report of referee In re Widening of State Road, Thirty-fifth Ward. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to report of Harold B. Beitler, Esq.
The opinion of the Supreme Court states the ease.

*Errors assigned* were in dismissing exceptions to report of referee.

*Edwin O. Lewis,* assistant city solicitor, with him *Henry J. Gibbons,* assistant city solicitor, and *Michael J. Ryan,* city solicitor, for appellant.—The Act of May 9, 1889, does not apply to streets opened and used prior to its passage: Osterheldt v. Philadelphia, 195 Pa. 355;

Hileman v. Hollidaysburg Borough, 47 Pa. Super. Ct. 41.

The case of Washington Female Seminary v. Washington Borough, 18 Pa. Superior Ct. 555, relied upon by appellees is not in point, for State road was actually opened on the ground.

*Charles B. Harding,* with him *Joseph Mellors,* for appellees.—The mere making of a plan, even if recorded, does not constitute a complete dedication until the rights of third parties have accrued, or by public use; that plan remains under the control of the owner and it may be modified or abrogated by him at will: Smith v. Union Switch & Signal Co., 17 Pa. Superior Ct. 444; Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318.

The case of Washington Female Seminary v. Washington Borough, 18 Pa. Superior Ct. 555, conclusively rules the application of the Act of 1889 to apply both to "whole streets" and "parts of streets."

The act has been held to apply to Philadelphia: Cotter v. Philadelphia, 194 Pa. 496; Quicksall v. Philadelphia, 177 Pa. 301.

The case of Osterheldt v. Philadelphia, 195 Pa. 355, was decided not to be within the Act of 1889, because the ordinance of councils was passed and the street opened under it in 1884, the court holding that the act was not retrospective.

OPINION BY MR. JUSTICE MOSCHZISKER, April 15, 1912:

The plaintiffs recovered damages for two strips of land five feet wide, claimed to have been taken from their property on each side of State road, formerly Aramingo street, in the widening thereof from fifty to sixty feet.

It appears from the evidence and the report of the referee that on June 26, 1856, the then owners of a large tract of land, of which the plaintiff's property was a part, executed and recorded a deed-poll with a plan

attached sub-dividing the tract into lots and streets and providing that the latter were "laid out and partially opened for the use and benefit of all persons who have heretofore purchased or hereafter may purchase lots of ground, parts or portions of said tract." Aramingo street was named and appeared of the width of sixty feet, being at that time an open, occupied and used road fifty feet wide; subsequently a considerable number of lots was sold off the plan. In 1870 the plaintiffs built fences in the bed of the plotted street along the fifty feet line, thus enclosing the two strips of land now in controversy. In 1863 the municipality confirmed a plan of that section of the city whereon State road appeared sixty feet wide at the point in question, and several other confirmations were afterwards made showing the street of that width, but no physical work was done or actual possession taken of the two five feet strips until 1893; in that year, by virtue of an ordinance which declared that State road "should be widened to the full width of sixty feet" the city tore down the plaintiffs' fences and occupied the land. The plaintiffs claimed before a road jury in 1894, which refused damages; an appeal was taken to the Common Pleas, and in 1903 a referee was appointed to try the case. The referee's report was filed in 1911, awarding $3,600 to the plaintiffs, which by agreement of counsel filed in this court was reduced to $2,190. Exceptions were dismissed and the report confirmed by the court below, and from this confirmation the city has taken the present appeal.

The referee held that the Act of May 9, 1889, P. L. 173, applied and relieved the plaintiffs' land from the dedication of 1856. This statute is entitled "An act relating to unused streets," and provides, "That any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons, in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall

be and have no force and effect and shall not be opened, without the consent of the owner or owners of the land on which the same has been or shall be, laid out." The controlling question is, under the facts in this case, does the act apply.

The making and recording of the deed-poll and plan in 1856 and the subsequent sale of lots therefrom would constitute a dedication of all the land in the bed of the street: Quicksall v. Phila., 177 Pa. 301, 304; Smith v. Union Switch & Signal Co., 17 Pa. Superior Ct., 444, 450; Osterheldt v. Phila., 195 Pa. 355; Scott v. Donora South. R. R. Co., 222 Pa. 634, 641; including the two strips of five feet each now claimed by the plaintiffs. The plan of 1856 was never formerly changed by the dedicators or their successors in title, and the building of the fences in 1870 and their subsequent maintenance would not serve to defeat the dedication: Higgins v. Sharon Boro., 5 Pa. Superior Ct. 92, 102. Aside from the Act of 1889 the city was unlimited in the time given by law in which to accept this dedication, "acceptance by the public need not be immediate but may be made when public necessity or convenience arises:" Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318, 328; "the act established a limitation of time where none before existed:" Quicksall v. Phila., 177 Pa. 301, 305. Granting that the first real acceptance of the land in controversy was in 1893 when the city took physical possession of the dedicated strips, the act in question has no application to an old road or street opened and used prior to its passage: Osterheldt v. Phila., 195 Pa. 355; or to the widening thereof through land previously dedicated as a part of the highway; and it should not have been given such a construction. The act relates to what, qua the particular land, would be new streets laid out by owners thereof but not opened or used by the public for "twenty-one years next after the laying out of the same"; and its purpose is "to relieve land upon which streets have been laid out by the owner" from the servi-

tude thus imposed: Quicksall v. Phila., **177 Pa. 301**, 305. The statute does not in terms include property given to widen an old street in existence at the time of the dedication of the land, as in this case, nor is there any intimation therein of a purpose so to do. The evidence plainly indicates that in 1865 State road at the location of the plaintiffs' property was an open existing highway; but if this were not the case, and in point of fact the road was first opened by the dedication in that year, since it appears that the public then had and afterwards kept possession and actually used the bed of the highway throughout its entire length, even if they did not occupy its whole width, such user and possession would carry the full benefit of the dedication of sixty feet: Hielman v. Hollidaysburg Boro., 47 Pa. Superior Ct. 41; Com. v. Shoemaker, 14 Pa. Superior Ct. 194; which could not be defeated by subsequent encroachments upon any part of the road, no matter how long continued: Com. v. Moorehead, 118 Pa. 344, 354; McGuire v. Wilkes-Barre, 36 Pa. Superior Ct. 418; so again the act would not apply Washington Female Seminary v. Washington Boro., 18 Pa. Superior Ct. 555, relied upon by the appellee, rules nothing to the contrary; the real purport of that case is explained by Judge HEAD in Hileman v. Hollidaysburg Boro., 47 Pa. Superior Ct. 41, 49.

For the reasons given, we are brought to the conclusion that the plaintiffs had no right to recover and that error was committed by the court below in confirming the report of the referee. The assignments are sustained, the judgment for the plaintiff is reversed, and judgment is here entered for the defendant.