Davis et al. *v.* Kahkwa Park Realty Co. et al.,
Appellants.

Erie City *v.* Kahkwa Park Realty Co. et al.,
Appellants.

Argued February 11, 1929.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Charles P. Hewes,* for appellants.—The Erie Trust Co., and the Kahkwa Park Realty Co. are corporations, and there is no official action by them, setting apart any land for public use outside of the agreements and deeds referred to; defendants deny the alleged dedication, averring that the written agreements among all parties control: Jones v. Land Co., 16 Pa. C. C. R. 652; Scranton v. Thomas, 141 Pa. 1; Smith v. Switch Co., 17 Pa. Superior Ct. 445; Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318; Willock v. R. R., 222 Pa. 590; Bell v. Steel Co., 243 Pa. 83; Morrow v. Traction Co., 219 Pa. 619; Zell v. Society, 119 Pa. 390; Geible v. Smith, 146 Pa. 276.

When a written contract exists it takes precedence of all others, and forms the only contract between the parties during the time of its existence: Gianni v. Russell, 281 Pa. 320; Wagner v. Marcus, 288 Pa. 579.

*T. P. Dunn,* with him *English, Quinn, Leemhuis & Tayntor, S. L. Gilson* and *J. B. Held,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, April 15, 1929:

The Kahkwa Park Realty Company purchased a tract of land containing about 70 acres within three miles of the City of Erie (subsequently incorporated within the city limits) for development purposes and laid it out in building lots according to a plan, upon which were shown streets and lots and a section fronting on an arm of Lake Erie designated as "Park Reservation" and another portion marked "Ravine." For convenience in making title it was placed in the name of the Erie

Trust Company. The plan was shown to prospective lot purchasers, submitted to the City Planning Commission of the City of Erie and approved by it, was acknowledged and recorded. In copying the plan on the map record book, in the office of the Recorder of Deeds, the words "Park Reservation," which appeared on the map left for record and on all others, were omitted by mistake of the copyist. Out of this error arises this controversy, owing to the fact that the Realty Company avows its intention not to devote the portion of the land designated on the plan as "Park Reservation" to a public park but to sell it off in building lots. Purchasers of lots who had bought in reliance on the plan and the City of Erie filed bills in equity to enjoin the Realty Company and the Erie Trust Company from carrying out the purpose to sell the park reservation and the court below entered against both defendants decrees forbidding it from being done; from these decrees the Realty Company and the Trust Company bring these appeals, which were argued together and will be so disposed of by us.

Appellants contend that because nothing was said in the contracts made with plaintiffs for the purchase of their lots about the park reservation, whereas it was stipulated therein "that the ravine shown on said map ......shall be dedicated and used as a private park for the benefit of the owners of lots shown on said map of Kahkwa Park, but the said land so agreed to be dedicated shall be conveyed to the proper governmental authority for park purposes," the implied dedication of the park reservation by the plan shown to plaintiffs was abrogated, and that the written contracts control; that contracts are not implied by law where written ones exist; that the contract that might be implied by law from the plan is superseded and set aside by the actual written one between them and the lot owners, citing Gianni v. Russell & Co., Inc., 281 Pa. 320, and Wagner v. Marcus, 288 Pa. 579, in support of their contention.

These cases have no application to such a state of facts as we are here presented with.

The plan showed a part of the tract of land as a park reservation and that another part of it was a ravine without anything to indicate that the ravine was to be dedicated as a public park. Nothing was said in the contracts about the part shown on the plans as a park and represented to purchasers of lots as to be dedicated and used for that purpose, but the written contracts recited that the ravine was also to be so dedicated; in other words the language of the written contracts was an additional covenant of defendants so far as the ravine was concerned to the implied one on their plans covering the park.

We are unable to conceive how the position which appellants have taken so far as the plaintiff lot owners are concerned can be assumed against the other plaintiff, the City of Erie, which, after appellants laid out their land in building lots, incorporated it within the city limits. No written contract was made with the city. Its planning commission approved the plan and its taxing authorities exempted the park reservation from taxation as public property. No court should sanction such a breach of good faith as appellants would be guilty of, if, after submitting their map to the city authorities and securing their approval of it and the exemption of part of their land from taxation because it was for public use, they should subsequently endeavor to reclaim and sell it, using as the basis for their action a mistake by a copyist in the Recorder of Deeds office in transcribing the plan. Had the plan been correctly copied with the words "Park Reservation" thereon, appellants could not even argue the proposition which they have advanced.

The subdivision of the tract of land by the owner and the making of the plan showing thereon the park reservation and the selling of lots according to the plan constituted an irrevocable dedication of the park reservation to public use: Quicksall v. Philadelphia, 177 Pa. 301;

Garvey v. Harbison-Walker Refractories Co., 213 Pa. 177; Morrow v. Highland Grove Traction Co., 219 Pa. 619; O'Donnell v. Pittsburgh, 234 Pa. 401; Gailey v. Wilkinsburg Real Estate Trust Co., 283 Pa. 381.

The decrees are affirmed at the cost of appellants.