**UNITED STATES v. 1.8 ACRES OF LAND, MORE OR LESS, IN BERKS COUNTY, PENNSYLVANIA et al.**

Civ. A. No. 2894.

United States District Court
E. D. Pennsylvania.

Aug. 19, 1949.

C. James Todaro, Sp. Asst. to the Atty. Gen., Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for plaintiff.

Philip M. Hammett, of Saul, Ewing, Remick & Saul, of Philadelphia, Pa., for defendants.

BARD, District Judge.

This is a condemnation proceeding instituted by the United States of America in order to acquire a perpetual easement which is needed for the construction of a sanitary sewer line. It is presently before me on a rule obtained by the government to show cause why judgment of no damages should not be entered in these proceedings as to Tracts Nos. 14 to 19 inclusive.

On December 21, 1942 the government filed its original petition in condemnation. The area included in this petition is a subdivision known as West Shore, located in Bern Township, Berks County, Pennsylvania, and is recorded in the Plat Book of the Office of Recorder of Deeds, Berks County.

This West Shore sub-division was laid out in separate lots in 1926 by Joseph L. Bloch and Son and included streets upon which the various lots abutted. Nearly all the lots plotted by the owner and developer were sold to individual purchasers; the description of these lots set forth the right-of-way lines of the streets as boundaries.

The government's original petition in condemnation was only for an easement across the individual lots. Just compensation has been determined and paid to the owners of these lots.

In order to perfect its easement so that it might include the area of the streets traversed, on April 8, 1948 the government so amended its petition, designating these streets as Tracts Nos. 14 to 19 inclusive. The parties having an interest in and to these streets were found to be the Supervisors of Bern Township, and Lucien Bloch, who is the respondent to this rule and successor in title to Joseph L. Bloch and Son.

The Supervisors of Bern Township have executed and filed a disclaimer of any right, title and interest in and to these streets, and also stated that there never was a dedication of the streets and that the streets are not in existence. Lucien Bloch states in his brief that his predecessors in title duly dedicated these streets for the use of the lot owners and the public at large, but refuses to execute any disclaimer, contending that he still retains legal title since his predecessor's dedication was not accepted by the township authorities.

To bring the matter to issue, the government obtained this rule to show cause why judgment of no damages should not be entered in these proceedings as to Tracts Nos. 14 to 19 inclusive.

The government contends that the respondent Lucien Bloch no longer has any interest in this land which is compensable and capable of valuation, and that even if he has such an interest, he will suffer no damages from the sewer line traversing the streets.

■ It is well established in Pennsylvania that when the owner of a tract of land cuts it up into lots and sells these lots as laid out on a plan which he has adopted, showing streets and alleys thereon, he impliedly covenants to the owner of each lot that the streets and alleys as they appear upon his plan shall be forever open to the use of the public, and that such sale operates as a dedication of the land in the streets and alleys to the public use. Thus, the owner himself imposes a servitude upon his own land. Snyder et al. v. Commonwealth, 353 Pa. 504, 46 A.2d 247; Davis et al v. Kahkwa Park Realty Co. et al., 296 Pa. 281, 145 A. 815; Baltimore & Ohio R. Co. et al. v. Wilson Snyder Mfg. Co. et al., 279 Pa. 219, 123 A. 858; Henderson et al. v. Young et al., 260 Pa. 334, 337-338, 103 A. 719; Tesson v. H. K. Porter Company, 238 Pa. 504, 509-510, 86 A. 278; O'Donnell v. H. K. Porter Company, 238 Pa. 495, 86 A. 281; O'Donnell v. Pittsburgh, 234 Pa. 401, 83 A. 314; Quicksall et al. v. Philadelphia, 177 Pa. 301, 35 A. 609.

In addition to the foregoing rule of law, the Act of the Commonwealth of May 9, 1889, P.L. 173, No. 192, § 1, 36 P.S. § 1961, provides that, "Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened, without the consent of the owner or owners of the land on which the same has been, or shall be, laid out."

■ The purpose of this Act is to relieve the land on which streets have been laid out by the owner of the entire tract from the servitude so imposed by him in favor of the municipality. In re Widening of State Road, 236 Pa. 141, 144-145, 84 A. 686; Scott v. Donora Southern R. Co., 222 Pa. 634, 642, 72 A. 282; Quicksall et al. v. Philadelphia, supra, 177 Pa. 301, at page 305, 35 A. 609. Thus, if the streets have not been opened or used for twenty-one years, and if the political sub-division proceeds thereafter to open these streets, the owner is entitled to damages. Oakley v. Luzerne Borough, 25 Pa.Super. 425; cf. Shamokin v. Helt, 250 Pa. 80, 95 A. 385;

Cotter et al. v. Philadelphia, 194 Pa. 496, 45 A. 336; Woodward v. Pittsburg, 194 Pa. 193, 45 A. 91; Quicksall et al. v. Philadelphia, supra.

█ By applying the Act of 1889 and the law thereunder, it becomes apparent that the defendant Lucien Bloch does have a compensable interest in Tracts Nos. 14 to 19 inclusive. The entire West Shore tract has remained undeveloped for more than twenty-one years. Bern Township has not yet accepted the dedication, and until they do accept it, no streets can be opened or constructed upon the land. 53 P.S. § 19093—1140 et seq. And if and when these streets are opened, the owners would probably be entitled to compensation from the political sub-division. Thus, for the purposes of this condemnation proceeding, I fail to see how Lucien Bloch's title to Tract Nos. 14 to 19 inclusive is impaired in any manner. The federal government should not stand in any better position than the political sub-division of a state.

Furthermore, it seems to me that the principle of law imposing a servitude which allows the construction and maintenance of streets upon the land has no bearing on the outcome of this case. Such a servitude only extends to the municipality and public at large for twenty-one years and to the individual lot owners as covenantees of the original tract owner. In the cases which have been called to my attention, this principle has heretofore been applied when someone has tried to obstruct the use of or to prevent the exercise of the servitude in derogation of the rights of the holders of the servitude.

But that situation does not exist in this case. Here, the United States of America is attempting to acquire by condemnation proceedings a perpetual easement for a sewer line running across and underneath the streets. This easement has no relation to and will not affect the servitude to construct and maintain streets. Assuming that the servitude remains in its entirety, Lucien Bloch still has title to that land subject to the servitude. The acquisition of this perpetual easement will not give the government an interest in those portions of the title which Lucien Bloch's predecessor lost when he imposed the servitude, but an interest in the title which is now held by Lucien Bloch. Cf. Rothenberger et ux. v. Reading City, 296 Pa. 423, 146 A. 104; Chambersburg Shoe Mfg. Co. v. Cumberland Valley R. Co., 240 Pa. 519, 87 A. 968.

█ Even though Lucien Bloch's interest which will be lost upon the culmination of the condemnation proceedings may be valueless or of nominal value only, such fact should not be determined by this Court as a matter of law, but in accordance with established procedure by a duly appointed Board of Viewers or by agreement of the parties. 40 U.S.C.A. §§ 257, 258; 26 P.S. § 211.

The rule obtained by the government to show cause why judgment of no damages should not be entered in these proceedings as to Tracts Nos. 14 to 19 inclusive is discharged.