# In the Matter of the Opening of Warnock Street

*LeRoy Comanor*, for claimant.

*David Berger*, City Solicitor, *Jacob Kalish*, Deputy to City Solicitor, and *Richard D. Solo*, Assistant City Solicitor, for City of Philadelphia.

SPORKIN, J., May 12, 1958.—This matter comes before us upon the petition of the City of Philadelphia to vacate the appointment of a board of view.

The essential facts, which are not in dispute, appear in claimant's petition for appointment of a board of view, and in the city's petition to vacate the appointment of a board of view. No answer has been filed to either petition. The petition for the appointment of a board of view was filed on July 25, 1957, by F. Alexander Tatro, herein referred to as "claimant", and a board of view was appointed on the same day pursuant to this petition.* Claimant is the owner of five lots of ground abutting the west side of Warnock Street between Champlost Avenue and Spencer Street in Philadelphia, having acquired the ground by purchase on May 6, 1946.

---

* The petition sought damages for land "appropriated" and consequent change of grade because the city had physically opened Warnock Street abutting petitioner's property.

Warnock Street is one of several streets "adjacent" to Spencer Street referred to in an ordinance enacted by City Council of Philadelphia on March 22, 1889. The ordinance revised the grade of Spencer Street and of adjacent streets and avenues ". . . PROVIDED; That the Fern Rock Land Company first dedicate the bed of Spencer Avenue (Street) so far as it lies within its property and release the City from any claim for damage to its property by reason of said change of grade."

On April 10, 1889, following the enactment of this ordinance, Fern Rock Land Company executed a deed of dedication, granting to the City of Philadelphia the bed of the subject Warnock Street and of other streets in the area. The grant to the City of Philadelphia was "for use as a street as fully as if proceedings had been taken under Road Laws of the Commonwealth of Pennsylvania." The deed of dedication was approved by the then city solicitor, accepted by the board of surveyors and recorded in the office for the recording of deeds.

Warnock Street was not opened by the city until after the passage of an ordinance by city council on May 18, 1955, which ordinance authorized the Department of Streets, Board of Surveys, to change the grade of Warnock Street from Spencer Street to Champlost Avenue. The physical opening of Warnock Street was completed on January 3, 1957.

On August 19, 1957, the City of Philadelphia filed its petition for rule to show cause why the appointment of the board of view should not be vacated.

Claimant disputes the right of the City of Philadelphia to vacate the appointment of the board of view and relies upon section 1 of the Act of May 9, 1889, P. L. 173 (no. 192), 36 PS §1961, hereinafter referred to as the Act of 1889, which provides that:

"Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on

lands owned by such person or persons in the case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened, without the consent of the owner or owners of the land on which the same has been, or shall be, laid out."

The city, in support of its position, contends that the Act of 1889 applies only to "common law" or implied offers of dedication effected by the laying out of streets in private plans, and that the Act of 1889 has no application to a deed of dedication which is tendered to a municipality and accepted by its board of surveyors. The city further contends that the offer and acceptance of the deed of dedication completed transfer of title to the bed of the street to the city.

A dedication is analagous to a contract in that an offer and acceptance are required: Dormont Borough Appeal, 371 Pa. 84, 87 (1952). "The offer of dedication may be made in a number of ways. It may be made by the express declaration of the party or by acts, deed, or plat": Vendetti Appeal, 181 Pa. Superior Ct. 214, 220 (1956):

At common law an offer of dedication which was implied from the laying out of a plan of lots by the owner of a tract of land became irrevocable upon the conveyance of lots in the tract: Rahn v. Hess, 378 Pa. 264 (1954); Osterheldt v. Philadelphia, 195 Pa. 355, 361 (1900); Borough of Milford v. Burnett, 87 Pa. Superior Ct. 588 (1926).

The Act of 1889 was intended to establish a 21-year limitation within which a municipality could open streets without compensation, in those cases in which there were implied offers of dedication by the laying out of lot plans: Rahn v. Hess, supra; Quicksall and Lee v. City of Philadelphia, 177 Pa. 301, 305 (1896). This statute has no application to the dedication of a

street, accomplished by the tendering of a deed which has been expressly accepted by a municipality, as in the case at bar.

The distinction between an offer of dedication made by laying out a plan of lots which is accepted by user, as against an offer of dedication by a deed which is expressly accepted in writing by a municipality, is clearly set forth in Stoever v. Gowen, 280, Pa. 424 (1924). In that case the Board of Surveyors of the City of Philadelphia accepted a deed of dedication of Wadsworth Avenue in 1888; thereafter, plaintiffs, who had purchased lots in the plan after the deed of dedication had been accepted by the city, sought to enjoin the changing of the location of the street. The court said, at pages 432 and 434:

"We are not, however, dealing with private streets appearing upon an owner's plan, but, according to complainants' bill, with a street, Wadsworth Avenue, which by deed, recorded preceding the conveyances to plaintiffs, the trustees of the Gowen Estate had granted to the City of Philadelphia 'for a public street or highway . . . and thus dedicated the street to the public use' which 'dedication was accepted by the board of surveyors October 2, 1888,' also previous to the vesting of title to the lots in any of complainants or their predecessors.

". . . (I)t is averred in the bill that the dedication was 'accepted by the board of surveyors' and the deed of dedication recorded. In view of the fact that the city councils, in accordance with the provisions of the Act of 1871, had theretofore authorized the board to revise the lines of the city plan, including the tract in question, the city's action was complete. . . . The city has the right to change the location of the avenue and defendants are in no way responsible for what it may do."

It is clear, therefore, that when the board of surveyors expressly and by writing accepted the deed of

dedication to Warnock Street, between Champlost Aveneu and Spencer Street, the city then acquired a valid title in fee to the bed of that street. The city was not required to take any further action to perfect its title, and accordingly the Act of 1889 is inapplicable.

· For these reasons, the decree appointing a board of view has been vacated.