380 A.2d 894

**Walter A. DRUSEDUM and Elizabeth S. Drusedum, his wife, Charles T. Jenkins, Sr., and Carolyn Jenkins, his wife, each in their own right and on behalf of all other residents and landowners of Pennbrook Farms #2, Appellants,**

**v.**

**John F. GUERNACCINI, Jr., and Shirley Guernaccini, his wife, and Milton F. Wenhold, Jr., and Elaine Wenhold, his wife.**

Superior Court of Pennsylvania.

Argued June 14, 1977.

Decided Dec. 2, 1977.

Stephen R. Signore, Jr., Norristown, for appellants.

Donald J. Martin, Norristown, with him Richard K. Masterson, Norristown, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This is a dispute between property owners in a recorded plan of lots over their respective rights in a street which was shown on a recorded plot plan but not accepted by the municipality as a public street within the 21 year limit prescribed by § 1724 of the Borough Code, 53 P.S. § 46724, and predecessor statutes. An attempt by the borough in a 1971 ordinance to accept the street as a public thoroughfare was held to be invalid because not made within 21 years of the filing of the plan: *Guernaccini v. Lansdale Borough,* 95 Montgomery County, L.R. 299 (1972).

Appellants and appellees are each owners of lots in a plan of subdivision known as Pennbrook Farms # 2 located in the Borough of Lansdale. The plan was recorded in the office of the Recorder of Deeds of Montgomery County in 1915. Included in the street pattern of the plan was one known as Highland Avenue extending in a north-south direction and another known as Forest Avenue which crosses it at right angles and runs east and west. Both streets run the full extent of the plan and connect with public highways which abut the plan except for that portion of Forest Avenue to the east of Highland Avenue which extends in an easterly direction some 200 feet from the point of intersection to the eastern boundary of the plan. The property abutting its eastern terminus was an open field at the time of dedication in 1913, but this adjacent property has since been developed into a public parking lot serving a bowling alley and a Y.M.C.A. which are now located on the property abutting Forest Avenue to the east of the plan. It is this 200 foot stretch of Forest Avenue which is the focal point of the dispute.

The appellees are the owners of lots on each side of Forest Avenue for the entire 200 feet distance from Highland Avenue to the eastern boundary of the plan. Appellees Milton F. Wenhold, Jr. and Elaine Wenhold, his wife, own

the property on the south side of Forest Avenue and John F. Guernaccini, Jr. and Shirley Guernaccini, his wife, on the north side of the street, their titles in both instances running to the middle of the street. Since this litigation began, the Wenholds have sold to the Guernaccinis their property rights in the disputed street.

Appellants are also the owners of property in the plan of lots, but their properties do not abut the controverted footage on Forest Avenue.

On or about September 1, 1972, without the permission of the residents of the plan, the appellee John F. Guernaccini, Jr. constructed a guard rail barricade and chain link fence across the eastern boundary of Forest Avenue 200 feet distant from Hamilton Avenue thereby obstructing both vehicular and pedestrian ingress and egress to and from the parking lots which abut the eastern terminus of the avenue. Following the erection of the barrier, the Guernaccinis extended their lawn approximately 5 feet into the right-of-way of Forest Avenue. As a consequence of his action, the appellants and all others, both within and without their plan of lots, have been unable to make use of the 200 foot stretch of Forest Avenue east of Hamilton Avenue as a means of ingress or egress to or from the parking lot immediately to the east of the barrier.

Appellants seek an injunction forbidding the appellees from erecting a barrier across Forest Avenue at its eastern terminus. They originally sought to assert their cause of action as a class action on behalf of all lot owners in Pennbrook Farms # 2. Preliminary objections to the complaint as a class action were sustained and this ruling has not been appealed. With respect to the individual rights of the appellants, the lower court has held that they have no enforceable rights of ingress or egress to or from Forest Avenue to or from the parking lot and that the appellees, as owners of the property underlying the street, were within their rights in erecting a barricade.

The appellees buttress this conclusion with the argument that the barrier does not deny the appellants access to their homes over other streets in the plan or close off a street which abuts their homes. They contend that Forest Avenue east of Hamilton Avenue was shown on the plan as a dead end spur, that the appellees are entitled to have it remain a dead end spur and that the barricade does nothing more than create in actuality what was shown on the plan. They cite *Piro v. Shipley,* 211 Pa. 36, 45–46, 60 A. 325 (1905) in support of the position that appellants' rights can rise no higher than those originally given by the subdivider when he recorded his plan.

The appellants contend that the correct interpretation of their rights under the recorded street plan gives them and the public a right of access to the appellants' property within the plan over any and all streets shown on the plan, as well as a right of egress from their property to points outside of the plan over any of the streets shown on the plan. It is their contention that they have the same right of egress from their property over Forest Street to the parking lot that they have to exit onto an adjacent highway over Hamilton Avenue or one of the other streets in the plan. They contend for the same right to reach their homes from the parking lot by way of Forest Avenue that they have to enter the plan from an adjacent highway. They deny that it makes any difference whether the property outside of the plan which abuts one of the streets in the plan is a public highway, a parking lot or vacant property. It is their position that there is no significance to the fact that the property abutting the eastern terminus of Forest Avenue was a vacant lot in 1913 for the reason that those who laid out the plan of lots had no claim of right to keep that adjoining property in an undeveloped condition.

Well established law sustains the contentions of the appellants. It was considered "a well settled principle of law" nearly a century ago that where upon a sale of lots reference is made to a map or plot, which calls for certain streets and alleys, this constitutes a dedication of these ways to the

use of purchasers as public ways and a map or plan so referred to becomes a material and essential part of the conveyance with the same effect as though copied into the deed: *Ferguson's Appeal,* 117 Pa. 426, 451, 11 A. 885 (1888).

■ The fact that a street may not in fact be open (*Ferguson's Appeal, supra,* at p. 451, 11 A. 885) or that there is no acceptance by the municipality of the street as a public road does not affect the continuing private contractual rights of property owners within the plan to use the streets: *Stozenski v. Borough of Forty Fort,* 456 Pa. 5, 10–15, 317 A.2d 602 (1974); *Brodt v. Brown,* 404 Pa. 391, 393, 172 A.2d 152 (1961); *Rahn v. Hess,* 378 Pa. 264, 271, 106 A.2d 461 (1954).

■ The rights of a non-abutting property owner within the plan are no less than those of a property owner abutting upon the street in question: *Chambersburg Shoe Manufacturing Co. v. Cumberland Valley Railroad Co.,* 240 Pa. 519, 527, 87 A. 968 (1913). The non-abutting property owner's rights in the street grid of the plan are not limited to those streets which are necessary to the enjoyment of his property or which materially benefit or add to its value: *Travaglia v. Weinel,* 191 Pa.Super. 323, 327, 156 A.2d 597 (1959).

These well established principles are summarized in *Cohen v. Simpson Real Estate Corporation,* 385 Pa. 352, 355–6, 123 A.2d 715, 717 (1956) as follows:

"In regard to the question whether plaintiff has any easement over Oakford Court which would entitle her to succeed in her present action, there are two well established principles of law. The one is that the grantee of a lot which is sold according to a plan of lots on which streets or alleys not previously opened or projected as public streets are plotted by the grantor, acquires an easement over all the streets of the plan as a private right of property arising out of the grant; the easement thus created is independent of the dedication of the plotted

streets to the public use and survives the abandonment of the public right. Nor would the fact that plaintiff's property does not abut on Oakford Court militate against her claim if she had any right of easement under the principle thus stated."

The limitations to a property owner's right to insist upon his right and that of the public to use such a private roadway is discussed and defined in *Whittaker Appeal,* 386 Pa. 403, 408, 126 A.2d 715 (1956).

The *Rahn* case, *supra,* is a ruling upon facts very similar to those in the case before us. Abutting property owners were enjoined from maintaining fences across the beds of two unopened streets in a plan of lots which had not been accepted as public streets within 21 years of their dedication in a recorded plan of lots. The fences were held to be a violation of the private property rights of non-abutting property owners in the plan. The appellees suggest that the decision is distinguishable because the barricaded street beds led to a public roadway instead of a parking lot as in this case. However, the court made no mention of what the road beds led into and ruled in broad terms:

"We have uniformly held that where an owner of land subdivides it into lots and streets on a plan and sells his lots accordingly, there is an implied grant or covenant to the purchaser that the street shall be forever open to the use of the public and operates as a dedication of them to public use. The right passing to the purchaser is not the mere right that he may use the street, but that all persons may use it . . ." (378 Pa. 268, 106 A.2d 463)

"The only other issue presented for our consideration is whether the Act of 1889 terminated private easements as well as public rights in the street, as contended by the defendants. The precise question has never been passed upon by this Court, but we have recognized a clear distinction between the public right of passage over dedicated streets and the individual rights of property involved in

such dedication. The latter are private contractual rights resulting as a legal consequence from the implied covenants under which the grantees purchased, and as such are not affected by the failure of the municipalities to act upon the dedication . . ." (378 Pa. p. 271, 106 A.2d p. 464)

As we read the foregoing authorities, the appellants have the right of ingress and egress to and from their property over any and all of the roads in the plan and this necessarily involves the right to enter or leave the subdivision over any of its roads. If the appellees had the right to barricade Forest Avenue, adjacent property owners had similar rights to barricade the terminal points of every other street in the plan before they were accepted as public streets. That would mean that property owners had no right of ingress or egress from or to points outside the plan. To make such a claim is to answer it. The fact that the property adjoining the plan is a parking lot instead of an adjoining road does not diminish the appellant's rights to enter or leave the subdivision by way of Forest Street. The appellee's barrier is erected on property over which appellants have a private contractual right to travel in getting to or from their homes within the subdivision. The appellants have a similar right on behalf of any member of the public who desires to move to or from appellants' property.

A counterclaim filed by appellants raises the issue of responsibility for improving or maintaining Forest Avenue as a private roadway. This issue was not discussed or passed upon by the court below in view of its decision that the roadway could be closed. We, therefore, undertake no adjudication as to who, if anyone, has the responsibility to maintain Forest Avenue as a private roadway. It may be that municipal condemnation is the appropriate answer as suggested in *Whittaker Appeal, supra,* 386 Pa. at p. 412, 126 A.2d 715. However, that decision is for others to make.

Reversed.