455 A.2d 117

**BOROUGH OF BROOKHAVEN, Appellant**

v.

**Peter A. DeFEO and P.A.D. Corporation.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1982.

Filed Dec. 10, 1982.

Reargument Denied Feb. 16, 1983.

Petition for Allowance of Appeal
Denied May 12, 1983.

James P. Gannon, Media, for appellant.

Richard C. Slama, Media, for appellees.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

JOHNSON, Judge:

Does the owner of a lot laid out and designated as a street on a plot plan have a private contractual right to maintain said lot for public use as a street, even though the municipality in which the lot is situated has refused to accept dedication of the said street?

The trial court found that an owner has such a right and we affirm.

The instant equity action was commenced by Appellant Borough in 1973 and requested injunctive relief. Appellant Borough sought to enjoin Appellees Peter A. DeFeo (DeFeo) and P.A.D. Corporation (P.A.D.) from violating certain Borough ordinances requiring permits for the grading and laying of pipeline.

The property in question was purchased by DeFeo in 1965. It is located at the boundary between the Boroughs of Brookhaven and Parkside, in the Borough of Brookhaven. The property was laid out and designated as a street, known as Gibson Boulevard, south of Meadowbrook Lane, in a subdivision listed as Brookhaven Park.

Appellant Borough had passed an ordinance in 1964 vacating Gibson Boulevard, south of Meadowbrook Lane, and

striking it from the Borough plan as a street. It was stipulated by the parties that DeFeo purchased the property in Brookhaven to serve as an alternate means of ingress and egress between Brookhaven Park and the property owned by P.A.D. in the adjacent Borough.[1]

Appellant Borough was granted injunctive relief and De-Feo subsequently obtained the proper permits. However, in 1979, DeFeo filed a counterclaim to the original complaint, requesting injunctive relief to restrain Appellant Borough from maintaining a fence which the said Borough had erected across Gibson Boulevard on the southern border of Meadowbrook Lane. The counterclaim alleged unlawful interference with DeFeo's private contractual right to use of, and access to, all streets within Brookhaven Park from the lot owned by DeFeo.

The trial court granted DeFeo's motion for summary judgment and enjoined Appellant Borough from maintaining the fence in question. This appeal followed.

■ When dedication of a street in a plot plan is either expressly or impliedly rejected by a municipality, the independent right of the public to use of that street is terminated. *See Stozenski v. Borough of Forty Fort, Luzerne County*, 456 Pa. 5, 317 A.2d 602 (1974); *Bieber v. Zellner*, 421 Pa. 444, 220 A.2d 17 (1966).

However, the trial court held that DeFeo, as a property owner within the plot plan, had a legal and equitable right to personal and public use of Gibson Boulevard, south of Meadowbrook Lane. The court in its opinion cited *Drusedum v. Guernaccini*, 251 Pa.Super. 504, 380 A.2d 894 (1977), for support.

In *Drusedum* the street in question had not been dedicated or accepted for public use within the 21-year period designated by the statute.[2] The plaintiffs in *Drusedum* were property owners within the same plan as the defend-

1. It appears from the trial court's opinion that P.A.D. Corporation is controlled by Appellee DeFeo.

2. 53 Pa.S.A. § 46724.

ant, who had erected a fence to prevent the plaintiffs and others within the plan from using defendant's street for ingress and egress. Our court cited a century-old "well settled principle of law" that when, in a sale of property, reference is made to a map or plot that designates certain streets, "this constitutes a dedication of these ways to the use of purchasers as public ways...." *Id.*, 251 Pa.Super. at 508–09, 380 A.2d at 896. Based upon the aforesaid principle, our court held:

> The fact that a street may not in fact be open (*Ferguson's Appeal, supra* [117 Pa. 426], at p. 451, 11 A. 885) or that there is no acceptance by the municipality of the street as a public road does not affect the continuing private contractual rights of property owners within the plan to use the streets: *Stozenski v. Borough of Forty Fort,* 456 Pa. 5, 10–15, 317 A.2d 602 (1974); *Brodt v. Brown,* 404 Pa. 391, 393, 172 A.2d 152 (1961); *Rahn v. Hess,* 378 Pa. 264, 271, 106 A.2d 461 (1954).

*Id.*, 251 Pa.Super. at 509, 380 A.2d at 896. Our court proceeded to explain that the property owners (appellants) "have a similar right on behalf of any member of the public who desires to move to or from appellants' property." *Id.*, 251 Pa.Super. at 511, 380 A.2d at 897.

Although the public (*i.e.* P.A.D.) can no longer enforce its *independent* right to use of the DeFeo's street for access to the remainder of Brookhaven Park because of Appellant Borough's vacation of the said street, DeFeo clearly retains his private contractual right as a property owner in Brookhaven Park to (1) retain personal unrestricted access between Brookhaven Park and his street, as well as (2) allow the public (including P.A.D.) unrestricted access to and from the DeFeo property.

■ The fact that a benefit has been given to P.A.D., a party unable to enforce the rights of property owners within the plot plan, is immaterial. DeFeo has enforceable contractual rights as a property owner within the plot plan

and, therefore, the trial court did not err in its determination.

The Order dated May 28, 1981 is affirmed.