460 A.2d 837

**Eleanor Grace SIPEL, Administratrix of the Estate of Walter R. Gantz, Jr., Deceased and Willis L. Green and Betty A. Green, Administrators of the Estate of Tammy Lee Green, Deceased, Appellant,**

v.

**COMMERCIAL UNION INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Submitted March 8, 1983.

Filed May 20, 1983.

Neil J. Rovner, Harrisburg, for appellant.

James Kenneth Thomas, II, Harrisburg, for appellee.

Before CERCONE, P.J., and WICKERSHAM and MON-TEMURO, JJ.

MONTEMURO, Judge:

The instant appeal is from the order of the trial court sustaining appellee Insurance Company's preliminary objections, and concerns a question of entitlement to work loss benefits under the No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 *et seq.*[1]

On July 13, 1978, Tammy Lee Green, age 7, was killed in an automobile accident. On September 7, 1980, Walter R. Gantz, Jr., age 21, was involved in a motor vehicle accident. Walter R. Gantz, Jr. died on September 24, 1980 as a result of injuries sustained in the accident. At the time of the accidents and at the time of death, each decedent was insured under a policy of no-fault insurance issued by appellee Commercial Union Insurance Company.

The present suit was instituted as a class action suit on July 24, 1981, by representative appellants in their capacity as administrators of the estates of Tammy Lee Green and Walter R. Gantz, Jr. Appellants claimed entitlement to work loss benefits under the No-Fault Act. Appellee filed preliminary objections in the nature of a demurrer. The trial court sustained appellee's preliminary objections, ruling that there were no allegations here that the estates of the deceased victims were "survivors" as defined in the

1. The preliminary objections allege alternative grounds for dismissing the complaint. However, none of these alternative grounds are set forth in the Statement of Questions Involved section of the parties' briefs, therefore, they have not been considered by the court. Pa.R. A.P. 2116(a).

No-Fault Act, and that therefore appellants were not entitled to work loss benefits.

The question presented here was decided by our court in *Freeze v. Donegal Mutual Insurance Company,* 301 Pa. Super. 344, 447 A.2d 999 (1982). In *Freeze* we held that the estate of a deceased victim is entitled to recover work loss benefits under the No-Fault Act.

Subsequent to *Freeze,* this court reaffirmed the holding of that case in *Miller v. United States Fidelity and Guaranty Company,* 304 Pa.Superior 43, 450 A.2d 91 (1982). In *Miller,* which also was a case brought by a personal representative to recover work loss benefits under the No-Fault Act, the court went on to examine certain definitional terms used in the Act. Specifically it stated the following:

> In assiduously reviewing the No-Fault Act this court finds no requirement of proving "dependency": in order to recover "work loss". In fact, in defining "work loss", the No-Fault Act nowhere mentions survivor or survivors; thus no showing of dependency is necessary.

*Miller, supra,* 304 Pa.Superior at 54, 450 A.2d at 97.

Accordingly, the order of the lower court is reversed and the case is remanded for disposition not inconsistent with this opinion. Jurisdiction is relinquished by this court.