563 A.2d 118

## FEDERAL KEMPER INSURANCE COMPANY

v.

**Jerry L. DERR and Theresa A. Derr, his Wife, Gary Wayne Hanna and Edward A. Gappa, Administrator of the Estate of Deborah L. Gappa.**

**Appeal of Jerry L. DERR and Theresa A. Derr. (Two Cases)**

**Appeal of Edward A. GAPPA, Administrator of the Estate of Deborah L. Gappa, Deceased.**

Superior Court of Pennsylvania.

Argued March 30, 1989.

Filed Aug. 7, 1989.

Michael Dennehy, Philadelphia, for appellants at No. 2287.

Scott A. Bennett, Philadelphia, for appellant at No. 2395.

David C. Dickson, Jr., Berwick, for Federal Kemper, appellee.

Before MONTEMURO, TAMILIA and MONTGOMERY, JJ.

TAMILIA, Judge:

This matter involves consolidated appeals. On February 26, 1985, appellee Federal Kemper Insurance Company (Federal Kemper), with whom the appellants, Derrs, had a homeowner policy, brought an action seeking a declaratory judgment to determine that the Derrs and one Gary Hanna were not entitled to any coverage under the policy and that it had no duty to defend those parties in the action brought by the estate of Deborah Gappa, deceased. The facts, as stated by the trial court in its Opinion, are as follows:

On August 14, 1982, Gary Wayne Hanna, while operating an all-terrain vehicle owned by Jerry L. Derr, struck one Deborah Gappa, allegedly causing her personal injuries and ultimately her death by suicide.

At the time of the incident, Deborah Gappa was walking along a private road leading to a 10 acre tract of land owned by Jerry L. and Theresa Derr, located in the Roaring Creek Forest Preserve in Roaring Creek Township, Columbia County, Pennsylvania. The Derrs admittedly gave Hanna permission to operate the all-terrain vehicle.[1]

The private road upon which the incident occurred is the only means of ingress or egress to the Derr land, and likewise serves about ninety (90) other adjoining land owners in the Forest Preserve, all of whom possess an easement for access purposes over the roadway in question.

Roaring Creek Forest Preserve, Inc., a corporation consisting primarily of the aforesaid land owners, initially obtained an easement over the private road from a predecessor in interest, who had acquired it from one Al Tomcavage in exchange for a 10 acre lot in the Forest Preserve. All ninety (90) land owners in the Forest Preserve were granted easements over the private road in

1. The Derrs, in their appeal, contest the court's conclusion that permission was admittedly given by them to Hanna for his operation of the ATV. The trial court notes in its Opinion dated June 28, 1988 that this statement was dicta and was not dispositive of the declaratory judgment action.

their respective deeds. The owners in turn annually contributed an equal amount to the Roaring Creek Forest Preserve Landowner's Association to provide for the maintenance and repair of the said private road.

The Defendant Derrs for many years before and after the incident have utilized a camper on their lot as a weekend and summer-type retreat and part-time vacation residence. Their principal residence is elsewhere and not connected with the Forest Preserve in question.

The Estate of Deborah Gappa has instituted a separate suit against the Derrs for alleged negligence in allowing Gary Hanna to operate their all-terrain vehicle, thereby causing the aforementioned accident and allegedly Ms. Gappa's subsequent suicide.

(Slip Op., Myers, J., 3/28/88, pp. 1–2.)

The complaint alleged, inter alia, that the location of the accident was not an "insured location" as defined by paragraph 4 of the "Definitions" portion of the policy, and coverage was, therefore, excluded. The parties stipulated prior to trial that any exclusion from coverage would arise from paragraph 4(b), 4(c), and/or 4(e) of the Definitions. (Slip Op. at 3; T.T. 10/16/87, p. 4.) Paragraph 4 reads in pertinent part:

4. "insured location" means:

    a. the residence premises;

    b. the part of any other premises, other structures, and grounds, used by you as a residence and which is shown in the Declarations or which is acquired by you during the policy period for your use as a residence;

    c. any premises used by you in connection with the premises included in 4a or 4b;

    .    .    .    .    .

    e. vacant land owned by or rented to any insured other than farm land[.]

    .    .    .    .    .

(Joint Exhibit # 2.)

On October 22, 1987, the trial court filed an Order granting Federal Kemper's motion for summary judgment

against Gary Hanna, and decreed that Hanna was not entitled to any coverage under the policy nor did Federal Kemper owe him a defense. After a non-jury trial, the trial court, on March 28, 1988, entered declaratory judgment in favor of Federal Kemper. Exceptions to that decision which were filed by both the Derrs and by the estate were denied on June 28, 1988. An appeal was filed by the estate on July 26, 1988,[2] and by Derrs on July 27, 1988. Judgment was then entered on October 21, 1988. The Estate of Gappa is the appellant at No. 02395 Philadelphia 1988, and the Derrs are the appellants at No. 02287 Philadelphia 1988. Both appellants argue the accident occurred on insured premises and the policy should have included coverage.

Our standard of review for an appeal from a declaratory judgment decision was recently set forth in *Amica Mutual Insurance Company v. Donegal Mutual Insurance Company*, 376 Pa.Super. 109, 545 A.2d 343 (1988). There, we stated:

> In reviewing an adjudication in a non-jury proceeding, we must determine whether the trial court's findings are supported by competent evidence and whether the trial court committed any error in any application of the law. *Brenna v. Nationwide Insurance Co.*, 294 Pa.Super. 564, 440 A.2d 609 (1982). Any ambiguity in insurance policy terms must be construed in favor of the insured. *State Farm Insurance Co. v. Bullock*, 316 Pa. Super. 475, 483, 463 A.2d 463 (1983); *Krager v. Foremost Insurance Co.*, 304 Pa.Super. 390, 450 A.2d 736 (1982).

*Id.*, 376 Pa.Superior Ct. at 112, 545 A.2d at 345.

At No. 02395 Philadelphia 1988, the estate poses three issues that turn on whether or not the private road leading to the Derrs' 10–acre parcel was an insured location. The estate first contends the accident occurred on the road over which all land owners in the Forest Preserve had an easement, that this road was an "insured location" under the terms of paragraph 4c of the policy, and that coverage should not have been excluded. As noted above, paragraph

2. Notice of appeal was re-filed on August 8, 1988.

4c provides that an "insured location" is "any premises used by [the insured] in connection with the premises included in 4a or 4b". It is not argued that the Forest Preserve property falls under paragraph 4a as it is not "the residence premises", thus we must examine paragraph 4b. That paragraph defines "insured location" as "the part of any other premises, other structures, and grounds, used by you as a residence and *which is shown in the Declarations or which is acquired by you during the policy period for your use as a residence*".[3] (Emphasis added.) The estate urges that the term "policy period" is not defined in the policy and that Pennsylvania case law offers no assistance in defining the term, pointing to two Louisiana state court opinions which we find to be neither binding upon this Court nor persuasive. Additionally, the estate contends the requirements of paragraph 4b are met because the Derrs acquired the Forest Preserve property in 1979 for use as a residence and that they did, in fact, use the premises as a residence on summer weekends and occasional non-summer weekends.

■ The trial court, in its Opinion of March 23, 1988, found the policy period here to be clear and unambiguous, extending from June 23, 1982 to June 23, 1983. Since the property was acquired in 1979, and not during the policy period during which the accident occurred, the court found the Forest Preserve property was not covered because the terms of paragraph 4b were not met. Upon an independent examination of the insurance policy (*see* Joint Exhibit # 2), which clearly states the policy period to be effective June 23, 1982 and to expire June 23, 1983, we find no error in the trial court's conclusion that the Forest Preserve property, along with the easement, was not acquired by the Derrs during that time period, and that paragraphs 4b and, consequently, 4c do not apply to make the private road leading to the Forest Preserve property or the property itself an insured location under the policy. In substance the trial

3. The estate concedes that the Forest Preserve property was not shown in the Declarations of the policy.

court correctly held unless the Forest Preserve property was shown in the declaration *or* was acquired during the policy period, it was not covered by the policy.

While our holding above is dispositive of this appeal, we will evaluate the other issues for the purpose of satisfying appellant that all matters were fully considered. We next examine the estate's claim that the court erred in not finding the private road to be an "insured location" under paragraph 4e of the policy. As set forth above, paragraph 4e provides an "insured location" is "vacant land owned by or rented to any insured other than farm land". The estate argues the term "vacant land" is undefined by the policy and is ambiguous. It posits that the private road on which the accident occurred is vacant land since no structures were erected upon it and the transitory presence of persons and vehicles upon the road does not render the road other than vacant, or else the homeowner's provision for liability coverage of personal injuries occurring on vacant land would be meaningless. To support its claim that paragraph 4e applies, the estate argues the Derrs had an ownership interest in the easement and that interest was insurable.

■ The trial court in its Opinion agreed with appellants that the term "vacant land" is ambiguous, however, the court cited *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983), as authority for construing against the insurer only those ambiguities which fall into the scope of the parties' intent regarding the insurance. Here, the court concluded there was no evidence the parties had intended to insure the private roadway, so that a conclusion that the term "vacant land" encompassed the private road would circumvent the intent of the parties as well as basic contract law principles. There was no ambiguity as to the meaning of the term as to these parties to the policy. As to the argument that the Derrs "owned" the easement for purposes of paragraph 4e, the trial court conceded they might have an ownership interest, but reasoned that all ninety lot owners are not individually responsible for insuring the easement, espe-

cially since a real estate corporation exists, which assumed the responsibility for maintenance of the road. The road in this instance was a private road as to the plan but not as to any individual. As found by the trial court, Roaring Creek Forest Preserve, Inc., consisting primarily of the owners, acquired an easement over the roadway from a predecessor in title for access purposes and use by all of the property owners. As such, the road became dedicated to the public use of all property owners, not subject to individual control by any of them. By definition, dedicate means to appropriate and set apart one's private property to public use; as to make a private way public by acts evincing an intention to do so. Black's Law Dictionary, Fifth Edition. Whether by deed or by implication, this road is a public road as far as the plan is concerned, and may not be considered private property, part of the premises, or vacant property within the clear intent of the policy. The argument that the road is vacant property, or part of the premises, fails when it is clear that the property owners cannot control, alter or restrict the use of the road in any fashion, as it is dedicated to use as a roadway to all property owners.[4] As such it is no more vacant than Grant Street in Pittsburgh, Market Street in Philadelphia, or the Pennsylvania Turnpike, are to adjacent property owners. *Drusedum v. Guernaccini*, 251 Pa.Super. 504, 380 A.2d 894 (1977).

We find no reason to disturb the decision of the trial court on this point even if we were to agree with him that the term was ambiguous. As was stated by our Supreme Court in *Standard Venetian Blind, supra*, a court, in interpreting an insurance contract, must ascertain the intent of the parties as manifested by the language of the written instrument. While it is generally the rule that ambiguities in a policy provision must be construed against

4. While this street is not "opened" or "dedicated" within the meaning of the Borough Code, 53 P.S. § 46724, the effect of the deeds, incorporation and use by the members of the plan, pursuant to deeds and contracts, creates the same public right to use as would acceptance by a municipality. *Drusedum v. Guernaccini*, 251 Pa.Super. 504, 380 A.2d 894 (1977) (allocatur denied), *also see Riek v. Binnie*, 352 Pa.Super. 246, 507 A.2d 865 (1986).

the insurer as the drafter of the agreement, we agree with the trial court's analysis of the situation, since to stretch the ambiguity in the term "vacant land owned by [the insured]" so far as to encompass an easement over a private road would in effect rewrite the contract of the parties. The policy does not extend coverage for any premises used by the insured in connection with the vacant land in the way paragraph 4c specifically includes coverage for premises used in connection with paragraph 4a or 4b (residence premises). As we reasoned in *Neil v. Allstate Insurance Co.*, 379 Pa.Super. 299, 311–312, 549 A.2d 1304, 1310 (1988), to "rewrite" the policy, here by including in the definition of "vacant land" a private but dedicated road, "would disturb established principles of law regarding the rights and liabilities of parties who freely contract, and would place insurance companies in the impracticable situation of insuring losses which they have specifically not contemplated and for which they have not funded reserves."

The cases cited by the estate in support of its position are not dispositive of the issue before this Court, as they are cited for the proposition that the owner of land to which an easement is appurtenant is obligated to third parties to keep the easement in good repair, and, here, we are not dealing with the state of repair of the easement. As a matter of fact, as found by the trial court, the corporation has assumed the obligation to maintain the road. In so far as these cases might suggest the Derrs had an insurable interest in the private road, they do not address the question of whether the Derrs' policy with Federal Kemper did, in fact, extend such coverage.

We further reject the appellant-estate's contention that the Derrs and Kemper intended to insure the Forest Preserve property as well as the private road because this contention is not borne out by the evidence. We also find the boundary dispute cases cited by the estate, which were handed down by courts whose decisions are not binding,

totally unpersuasive and inapposite to the argument before this Court.

■ Finally, the estate raises in a footnote an argument that equitable considerations required the policy to be treated as extending coverage, based upon the representations of Kemper's agent. As this matter was not raised in the statement of questions involved portion of its brief, we need not address the argument. *See* Pa.R.A.P. 2116; *Williams v. Williams*, 373 Pa.Super. 143, 540 A.2d 563 (1988); *Rago v. Nace*, 313 Pa.Super. 575, 460 A.2d 337 (1983). In any event, our review of the case leads us to conclude the allegation is without merit.

We next address the appeal of the Derrs at No. 02287 Philadelphia 1988. The Derrs raise two arguments which we have addressed above in our discussion of the appeal at No. 02395 Philadelphia, those being: 1) that the private road is an insured location, and 2) that the policy period ran from 1979 or 1980 to the date of the accident, and the court erred in determining the policy period ran from June 1982 to June 1983. As we have previously decided these issues, we need not address them a second time.

■ Next, the Derrs urge the negligence occurred not on the private roadway, as found by the court, but on the ten-acre land parcel on which the Derrs placed their mobile camper, which was an "insured location" since it was "vacant land". The Derrs contend the act of negligence alleged in the complaint brought against them by the estate is that of negligent entrustment of the ATV, and such negligent entrustment, if in fact made, occurred on the ten-acre parcel. We agree with the determination of the trial court that the question of whether the Derrs were negligent in their entrustment of the ATV is not dispositive of the declaratory judgment action. (Slip Op., Myers, J., 6/28/88.) As is argued by the appellee, the policy at section II-e(2) clearly excludes coverage for personal liability and medical payments to others for their bodily injury or property damage which is arising out of the use of a motor vehicle owned by any insured, and appellants-Derrs are offering a

strained argument to bring the negligence within the scope of their homeowner policy. With this determination, it is not necessary for us to decide on the merits of the Derrs' argument that the appellee should be estopped by the representations of its agent that the vacant ten-acre property would be covered by the policy, since we are in agreement with the trial court's decision that the accident did not occur on the parcel. We accordingly affirm judgment.

Judgment at No. 00214 of 1985, is affirmed as to both appellants.