408 Pa. Superior Ct. 511 (1991)
597 A.2d 149
Robert UGUCCIONI and Marilyn Kane, his wife, Appellees,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.
Superior Court of Pennsylvania.
Argued May 22, 1991.
Filed October 8, 1991.
*512 Joseph J. Heston, Kingston, for appellant.
John P. Lawler, Stroudsburg, for appellees.
Before WIEAND, BECK and HUDOCK, JJ.
WIEAND, Judge:
The issue in this appeal is whether a roadway in a private residential development is an "insured location" under a homeowner's insurance policy issued by United States Fidelity and Guaranty Company (USF & G).
Robert Uguccioni and Marilyn Kane Uguccioni, husband and wife, are the owners of a residence in the Cobble Creek Estates, Tannersville, Monroe County. The property is insured under a homeowner's policy issued by USF & G. On March 7, 1987, Michael A. Pirrung was fatally injured while operating a Honda ATC, an all-terrain vehicle owned by the Uguccionis, along a private roadway within the *513 Cobble Creek development. The administrators of the Estate of Michael A. Pirrung, deceased, have commenced an action against the Uguccionis to recover damages arising from Pirrung's death. When USF & G refused to defend the action on behalf of its insureds, this action for declaratory judgment was brought to determine the question of coverage. The facts were stipulated by the parties and presented to the trial court for decision. The trial court held that USF & G was required to defend the action brought against its insureds and indemnify them in the event they were found liable for the death of Michael Pirrung.
The policy contains an exclusion from personal liability coverage "arising out of the ownership, maintenance, use, loading or unloading of ... (2) a motor vehicle owned or operated by, or rented or loaned by any insured...." A motor vehicle is defined, inter alia, as a "motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured location." An "insured location" is defined, in pertinent part, as "the residence premises" and "any premises used by you in connection with the [residence premises]."
Cobble Creek Estates is a private residential development, and the streets therein are privately owned. These streets, it would seem, are private property used by the insureds in connection with their insured residence. As such, the street on which Pirrung had his fatal accident was an "insured location."
USF & G argues, however, that a contrary result is mandated by the decision of the Superior Court in Federal Kemper Ins. Co. v. Derr, 386 Pa.Super. 382, 563 A.2d 118 (1989). We disagree. The decision is not on all-fours with the facts of the instant case. In the Federal Kemper Insurance case, the Superior Court affirmed the trial court's finding that a ten acre Forest Preserve property, on which the insured had placed a camper, was not the insured's residence property and had not been purchased within the policy period so as to qualify as an insured *514 location. It followed, therefore, that a private easement leading to the Forest Preserve property was also not an insured location. Consequently, the court's discussion regarding the insured's lack of responsibility to maintain a roadway within a private development was dictum. It is of no controlling effect in determining the issue now before this Court. The issue before the Court in the instant case is not whether the insureds were responsible for maintenance of the road on which their guest was killed but whether the road was an "insured location" within the coverage provided by the policy.
The language used in the policy to define an "insured location" clearly is broad enough to include roads in a private development which are available for use in achieving access to the insured residence. Even if the language were to be deemed ambiguous, however, it would have to be construed in favor of the insured and against the insurer. Standard Venetian Blind Co. v. American Empire Insurance Co., 503 Pa. 300, 305, 469 A.2d 563, 566 (1983); Aetna Casualty and Surety Co. v. Drake, 343 Pa.Super. 114, 116, 494 A.2d 381, 382 (1985); Eichelberger v. Warner, 290 Pa.Super. 269, 273, 434 A.2d 747, 749 (1981); Frisch v. State Farm Fire and Casualty Co., 218 Pa.Super. 211, 214, 275 A.2d 849, 851 (1971).
We hold, therefore, that the all-terrain vehicle being operated by Michael Pirrung was on an "insured location" at the time of his fatal accident; and, therefore, the trial court correctly determined that USF & G, which had issued the homeowner's policy, was required to defend its insureds in the action brought against them to recover for Pirrung's death.
Affirmed.
BECK, J., files a concurring opinion.
BECK, Judge, concurring:
I agree with the majority's conclusion that the roadway on which the decedent was killed is within the definition of *515 an "insured location" found in appellees' homeowner's insurance policy issued by appellant. Therefore, I join in the majority's holding that appellant does have the duty to defend appellees in an action by the decedent's estate and to indemnify appellees for any damages awarded to the estate, within the policy limits.
I write separately to indicate my disagreement with one portion of the majority's reasoning in support of this conclusion. The source of my difference with the majority is the crucial and yet often ignored distinction between dicta and alternative holdings entitled to precedential status.
The majority finds that we are not bound by the decision of a panel of this court in Federal Kemper Ins. Co. v. Derr, 386 Pa.Super. 382, 563 A.2d 118 (1989). The majority so finds, in part, because it construes certain portions of the Federal Kemper opinion as being dicta. I disagree. I construe Federal Kemper as an opinion containing alternative holdings, none of which can be disregarded as dicta. I nevertheless find that we are not bound by Federal Kemper in this case because the Federal Kemper court never directly opined on the precise issue presented to us here.
In Federal Kemper, the appellants owned a tract of land in a forest preserve. Appellants placed a camper on the land which they used as a weekend vacation retreat. They permitted a third party to operate a vehicle they owned on an access road running through the forest preserve and the third party hit a young woman while operating the vehicle. The young woman's estate sued the appellants. Appellants' homeowner's insurer sought a declaratory judgment that any damages recovered against appellants would not be within the coverage of the policy because the accident did not occur on an "insured location" as defined by the policy. Id., 386 Pa.Superior Ct. at 385, 563 A.2d at 119-20. The Federal Kemper policy defined that phrase exactly as does the policy involved in the instant case. The definition, in pertinent part, is as follows:
4. a. the residence premises;

*516 b. the part of any other premises, other structures, and grounds, used by you as a residence and which is shown in the Declarations or which is acquired by you during the policy period for your use as a residence;
c. any premises used by you in connection with the premises included in 4a or 4b;

. . . .
e. vacant land owned by or rented to any insured other than farm land[.]
Appellants first argued that the access road was an insured location within section 4c. They contended that the road was premises "used in connection with" premises that fell within section 4b, i.e., premises used as a residence which had been acquired by appellants within the policy period.[1] This court held that since the vacation property in question had not been acquired during the policy period, it was not within 4b and, therefore, clearly the road could not be considered to be property "used in connection with" any property that fell within 4b. On this ground, the court rejected appellants' argument that the road was an insured location under section 4c.
The Federal Kemper court then stated "[w]hile our holding above is dispositive of this appeal, we will evaluate the other issues for the purpose of satisfying appellant that all matters were fully considered." Id., 386 Pa.Superior Ct. at 388, 563 A.2d at 121.[2] The court then went on to discuss and dismiss appellants' argument that the road was an insured location under section 4e, concerning vacant land. *517 In connection with this argument, the court stated that the road in question could not be considered to be premises "owned" by appellants, as section 4e requires, in part because the appellants were not responsible for maintenance of the road.
The majority in the instant case dismisses the Federal Kemper court's discussion of section 4e, and its statements concerning the ownership of private roadways, as being dicta. I disagree. The Federal Kemper court's discussion of this subject is not dicta  it is an alternative holding. In deciding the applicability of section 4e, the Federal Kemper court was deciding an issue that was directly raised by the parties on appeal. The fact that the court had already reached a conclusion on another issue does not render the second conclusion dicta. As our Supreme Court has stated, "[w]here a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of obiter dictum." Commonwealth ex rel. Fox v. Swing, 409 Pa. 241, 245, 186 A.2d 24, 26 (1962) (citing Manley v. Manley, 193 Pa.Super. 252, 164 A.2d 113 (1960)). Thus, both of the Federal Kemper court's holdings are to be accorded precedential status.
As I have previously stated, however, I do not find the Federal Kemper case to be controlling on the issue presented here. As the majority aptly points out, the Federal Kemper court refused to find that the road involved there was an insured location within section 4c because it found that the vacation property to which the road led was not within either 4a or 4b of the policy. In contrast, this case involves a road leading to property that has been stipulated to be within section 4a since the property is the appellees' residence. The Federal Kemper court's discussion of the ownership of such a road and the responsibilities of property owners who use it, all of which formed a part of that court's section 4e analysis, is not apposite to the issue posed here, which is exclusively based on section 4c.
Thus, as the majority concludes, the road in question here is clearly premises "used in connection with" the residence *518 of appellees, is an insured location within section 4c, and appellant is obligated to provide coverage.
NOTES
[1] The appellants in Federal Kemper conceded that the vacation property was not within section 4a, since it was not their "residence premises."
[2] In fact, despite this statement by the Kemper court, I do not view the first portion of that opinion as being "dispositive" of the entire appeal. Rather, the first portion disposed of only one of appellant's arguments in favor of finding that the roadway was an insured location. The second portion of the opinion was devoted to another independent ground for finding that the roadway was an insured location. Thus, the second portion was necessary to a complete disposition of the appeal.