BECK, Judge,
concurring:
I agree with the majority’s conclusion that the roadway on which the decedent was killed is within the definition of *515 an “insured location” found in appellees’ homeowner’s insurance policy issued by appellant. Therefore, I join in the majority’s holding that appellant does have the duty to defend appellees in an action by the decedent’s estate and to indemnify appellees for any damages awarded to the estate, within the policy limits.
I write separately to indicate my disagreement with one portion of the majority’s reasoning in support of this conclusion. The source of my difference with the majority is the crucial and yet often ignored distinction between dicta and alternative holdings entitled to precedential status.
The majority finds that we are not bound by the decision of a panel of this court in Federal Kemper Ins. Co. v. Derr, 386 Pa.Super. 382, 563 A.2d 118 (1989). The majority so finds, in part, because it construes certain portions of the Federal Kemper opinion as being dicta. I disagree. I construe Federal Kemper as an opinion containing alternative holdings, none of which can be disregarded as dicta. I nevertheless find that we are not bound by Federal Kemper in this case because the Federal Kemper court never directly opined on the precise issue presented to us here.
In Federal Kemper, the appellants owned a tract of land in a forest preserve. Appellants placed a camper on the land which they used as a weekend vacation retreat. They permitted a third party to operate a vehicle they owned on an access road running through the forest preserve and the third party hit a young woman while operating the vehicle. The young woman’s estate sued the appellants. Appellants’ homeowner’s insurer sought a declaratory judgment that any damages recovered against appellants would not be within the coverage of the policy because the accident did not occur on an “insured location” as defined by the policy. Id., 386 Pa.Superior Ct. at 385, 563 A.2d at 119-20. The Federal Kemper policy defined that phrase exactly as does the policy involved in the instant case. The definition, in pertinent part, is as follows:
4. a. the residence premises;
*516 b. the part of any other premises, other structures, and grounds, used by you as a residence and which is shown in the Declarations or which is acquired by you during the policy period for your use as a residence;
c. any premises used by you in connection with the premises included in 4a or 4b;
e. vacant land owned by or rented to any insured other than farm land[.]
Appellants first argued that the access road was an insured location within section 4c. They contended that the road was premises “used in connection with” premises that fell within section 4b, i.e., premises used as a residence which had been acquired by appellants within the policy period.[1] This court held that since the vacation property in question had not been acquired during the policy period, it was not within 4b and, therefore, clearly the road could not be considered to be property “used in connection with” any property that fell within 4b. On this ground, the court rejected appellants’ argument that the road was an insured location under section 4c.
The Federal Kemper court then stated “[wjhile our holding above is dispositive of this appeal, we will evaluate the other issues for the purpose of satisfying appellant that all matters were fully considered.” Id., 386 Pa.Superior Ct. at 388, 563 A.2d at 121.[2] The court then went on to discuss and dismiss appellants’ argument that the road was an insured location under section 4e, concerning vacant land. *517 In connection with this argument, the court stated that the road in question could not be considered to be premises “owned” by appellants, as section 4e requires, in part because the appellants were not responsible for maintenance of the road.
The majority in the instant case dismisses the Federal Kemper court’s discussion of section 4e, and its statements concerning the ownership of private roadways, as being dicta. I disagree. The Federal Kemper court’s discussion of this subject is not dicta — it is an alternative holding. In deciding the applicability of section 4e, the Federal Kemper court was deciding an issue that was directly raised by the parties on appeal. The fact that the court had already reached a conclusion on another issue does not render the second conclusion dicta. As our Supreme Court has stated, “[wjhere a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of obiter dictum.” Commonwealth ex rel. Fox v. Swing, 409 Pa. 241, 245, 186 A.2d 24, 26 (1962) (citing Manley v. Manley, 193 Pa.Super. 252, 164 A.2d 113 (1960)). Thus, both of the Federal Kemper court’s holdings are to be accorded precedential status.
As I have previously stated, however, I do not find the Federal Kemper case to be controlling on the issue presented here. As the majority aptly points out, the Federal Kemper court refused to find that the road involved there was an insured location within section 4c because it found that the vacation property to which the road led was not within either 4a or 4b of the policy. In contrast, this case involves a road leading to property that has been stipulated to be within section 4a since the property is the appellees’ residence. The Federal Kemper court’s discussion of the ownership of such a road and the responsibilities of property owners who use it, all of which formed a part of that court’s section 4e analysis, is not apposite to the issue posed here, which is exclusively based on section 4c.
Thus, as the majority concludes, the road in question here is clearly premises “used in connection with” the residence *518 of appellees, is an insured location within section 4c, and appellant is obligated to provide coverage.

. The appellants in Federal Kemper conceded that the vacation property was not within section 4a, since it was not their “residence premises."

. In fact, despite this statement by the Kemper court, I do not view the first portion of that opinion as being "dispositive” of the entire appeal. Rather, the first portion disposed of only one of appellant’s arguments in favor of finding that the roadway was an insured location. The second portion of the opinion was devoted to another independent ground for finding that the roadway was an insured location. Thus, the second portion was necessary to a complete disposition of the appeal.